McCULLOH v. PAILLARD NON-MAGNETIC WATCH CO.

(*Supreme Court, General Term, First Department.*  May 15, 1891.)

WRITS—SERVICE ON FOREIGN CORPORATIONS—CASHIER.

 A person in New York who receives the money of a foreign corporation for goods sold in the state is the "cashier" of the corporation, on whom process against it may be served, under Code Civil Proc. § 432, there being no officers of the company within the state.

Appeal from special term, New York county.

Action by Charles S. McCulloh, as receiver of the Non-Magnetic Watch Company of America, against the Paillard Non-Magnetic Watch Company. Defendant's motion to set aside the service of summons and complaint, and to vacate the judgment, was denied, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Robertson & Harmon,* (*Roderick Robertson,* of counsel,) for appellant. *Briesen & Knauth,* (*A. Knauth,* of counsel,) for respondent.

VAN BRUNT, P. J.  This action was brought against the defendant, a non-resident corporation, and the summons was served upon one Hannaford, claiming that he came within the designation of "cashier" of the corporation, within the statute. The Code, § 432, provides that personal service of the summons upon the defendant, being a foreign corporation, must be made by delivering a copy thereof within the state, as follows: To the president, treasurer, or secretary, or, if the corporation lacks either of these officers, to an officer performing corresponding functions under another name, or upon a person designated for the purpose by a writing, as prescribed by the Code, or, if such designation is not made, or the person designated cannot be found with due diligence, and the corporation has property within the state, or the cause of action arose therein, to the cashier, a director, or a managing agent of the corporation within the state. As already stated, the service of the summons in this action was made upon one Hannaford, it being claimed by the plaintiff that he was defendant's cashier. A previous service was made upon one Smith, it being claimed by the plaintiff that he was managing agent of the corporation, but, upon proof that he was a mere salesman, the service was set aside. It is apparent from the language of the Code that it was the intention that foreign corporations, having property within the state, should not be permitted to do business or have property within the state without making themselves liable to the service of process. Therefore it has provided for a service upon any of the officers of the company, or upon their managing agent, or upon their cashier, within the state. Now, it appears that this corporation had no officers whatever within the state. It further appears that this person who was served was a man who handled whatever cash the corporation received. He received the money upon the sales which were made in the New York office. It is true that his duties in that respect are very much belittled, but he is the only person shown to have had the handling of the cash received upon the sale of goods in the office of the corporation in this state. He was therefore the cashier, within the meaning of the Code. Foreign corporations doing business in this state cannot be allowed to shelter themselves under the claim that they have no cashier, no managing agent, and no officers within the state, and that, therefore, they are at liberty to violate the rights of the citizens of this state with impunity. Such a claim is simply preposterous. The object of the service of process, as was said in the case of *Pope* v. *Manufacturing Co.,* 87 N. Y. 140, for the commencement of a suit or other legal proceeding, is to give notice to the party proceeded against, and any service which reasonably accomplishes that end answers the requirements of natural justice and fundamental law, and what service shall be deemed sufficient for that purpose is to be determined by the legislative

power of the country in which the proceeding is instituted, subject only to the limitation that the service must be such as may reasonably be expected to give the notice aimed at. It appears from the evidence in this case that the man who was served was really managing the business of this corporation within this state, and, as a consequence, came within the class of persons upon whom service may be made. The order should be affirmed, with $10 costs and disbursements.