THOMAS J. POPE et al., Respondents, *v.* THE TERRE HAUTE CAR AND MANUFACTURING COMPANY, Appellant.

It is for the legislature to determine what shall be a sufficient service of process for the commencement of an action, subject only to the limitation that the service must be such as may reasonably be expected to give the party proceeded against notice.

Any service which would be sufficient as against a domestic corporation may be authorized to commence an action against a foreign corporation.

Under the provisions of the Code of Civil Procedure (§ 1780) authorizing actions against foreign corporations, and providing (§ 432) that personal service of a summons upon such a corporation may be made by delivering a copy thereof within the State, to the president, secretary or treasurer of the corporation, in order to make such service effectual, it is not needful that the officer served should be here in his official capacity, or engaged in the business of the corporation, or that it should have any property within the State, or that the cause of action should have arisen therein. *It seems* that a judgment against a foreign corporation in an action so commenced will be valid for every purpose within this State, and can be enforced against any of its property at any time found within the State.

(Argued November 22, 1881 ; decided November 29, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 14, 1881, which affirmed an order of Special Term, denying a motion on the part of defendant herein to set aside the service of summons in this action.   (Reported below, 24 Hun, 238.)

The facts appearing upon the motion are sufficiently stated in the opinion.

*Alexander B. Crane* for appellant.   A valid judgment *in personam* cannot be obtained against a non-resident of the

State who is not personally served with process, and has not appeared in the action, and it is not competent for a State to authorize such a judgment as will bind property not within the State at the time, and not proceeded against *in rem* in satisfaction of the claim. (*Bartlett* v. *Spicer*, 75 N. Y. 528, 534; *Pennoyer* v. *Nett*, 5 Otto, 714; *Shumway* v. *Sullivan*, 6 Wend. 447; *Bissell* v. *Briggs*, 9 Mass. 468; *Rangley* v. *Webster*, 11 N. H. 269; *Baldwin* v. *Hale*, 1 Wall. [U. S.] 223; *Banks* v. *Butler*, 45 N. H. 236, 239; *Stephenson* v. *Davis*, 56 Mass. 75, 76; *Spurr* v. *Scoville*, 3 Cush. 578; *Ogdensburg, etc., Ry. Co.* v. *Vermont Ry. Co.*, 63 N. Y. 176; Story on Conflict of Laws, § 539; *Picquett* v. *Swann*, 5 Mason, 35; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 125; *Bodurtha* v. *Goodrich*, 3 Gray, 508.) A corporation has no legal existence beyond the boundaries of the sovereignty by which it was created. (Angell & Ames on Corp., § 104, p. 79; *Ohio & Miss. Ry. Co.* v. *Wheeler*, 1 Black, 286; *Lafayette Ins. Co.* v. *French*, 18 How. [U. S.] 407; *McQueen* v. *Middleton Mfg. Co.*, 16 Johns. 5.) The statutes authorizing extraordinary or substituted service have reference to those called absentees who have a legal residence, and who are still considered inhabitants of said State or country where the cause is pending, and where service on the agent or attorney of the party is held to be good service on the principal under the peculiar circumstances of the case. (*Erickson* v. *Nesmith*, 6 N. H. 371, 377; *Jermain* v. *Langdon*, 8 Paige, 41; *Evarts* v. *Becker*, id. 506; *Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 126; 1 Wait's Practice, 513; *Cumberland Coal Co.* v. *Sherman*, 8 Abb. 243; 30 Barb. 159; 20 How. 62; *Barnes* v. *Mobile & Northwestern R. R. Co.*, 5 N. Y. Weekly Dig. 191; 12 Hun, 126.) If a corporation has, by its officers or agents, availed itself of privileges of our law whereby its existence is recognized for the purpose of making contracts and the transaction of business within this State, then it must be regarded as having submitted itself to the operation of our law, and the service made is sufficient and gives the court jurisdiction. (*McCormick* v. *Penn. C. R. R. Co.*, 49 N. Y.

303; *Gibbs* v. *The Queen Ins. Co.*, 63 id. 114; *Lafayette Ins. Co.* v. *French*, 18 How. 404, 408; *Libby* v. *Hodgson*, 9 N. H. 394; *Burnett* v. *Chicago & Lake Huron R. R. Co.*, 4 Hun, 114; *Prouty* v. *Michigan S. & N. Indiana R. R. Co.*, 1 id. 655.)

*Wm. W. Niles* for respondents. An action against a foreign corporation may be maintained by a resident of the State for any cause of action. (Old Code, § 427; New Code, § 1780.) Personal service of the summons upon the president of a foreign corporation in New York city is sufficient, although he is not acting as representative of the said corporation when served. (*A. & P. Tel. Co.* v. *B. & A. R. R. Co.*, 11 Weekly Dig. 122; *Barnett* v. *Chicago & S. H. R. R. Co.*, 4 Hun, 114.)

EARL, J. The plaintiffs are residents of this State having a cause of action arising upon contract against the defendant, an Indiana corporation. They caused a summons for the commencement of an action to be served upon the defendant's president within this State, and it made a motion to set aside such service, on the ground that it was unauthorized and ineffectual for any purpose; and the question for our consideration is, whether the service was proper.

It appears that the defendant, being a foreign corporation, had no place of business, and transacted no business, and had no property within this State, and that at the time its president was served he was temporarily within this State for purposes of his own, on his way to a seaside resort, and not in his official capacity or upon any business of the defendant. The claim is, therefore, made that he in no way represented the defendant, and that service upon him could not bind the defendant.

It is undisputed that foreign corporations may be sued in this State, section 1780 of the Code of Civil Procedure, providing that "an action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action." It has never been doubted

that the legislature could constitutionally authorize the commencement of such an action.

The manner in which such an action may be commenced is specially provided in section 432 of the Code. That provides that personal service of the summons upon a foreign corporation may be made by delivering a copy thereof within the State to the president, secretary or treasurer thereof. In order to make such service effectual, it is not needful that the officer served should be here in his official capacity, or engaged in the business of the corporation, or that the corporation should have any property within this State, or that the cause of action should have arisen within this State. By subdivision 3 of the same section it is provided, that if one of the officers specified cannot, after due diligence, be found within this State, then, before the other mode of service can be adopted which is specified in that subdivision, either the cause of action must have arisen within the State or the corporation must have property within the State.

The object of all service of process for the commencement of a suit or any other legal proceeding is to give notice to the party proceeded against, and any service which reasonably accomplishes that end answers the requirements of natural justice and fundamental law (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 114); and what service shall be deemed sufficient for that purpose is to be determined by the legislative power of the country in which the proceeding is instituted, subject only to the limitation that the service must be such as may reasonably be expected to give the notice aimed at.

Although the officer served in this case was not then engaged in the business of the defendant, it became his duty, as its officer, to take notice of the commencement of the suit, or to convey such notice in some proper way to the defendant; and that he would do so could reasonably be presumed and expected.

So an action may be commenced against a domestic corporation, under section 431 of the Code, by delivering a copy of the summons "to the president or other head of the corpora-

tion, the secretary or clerk to the corporation, the cashier, the treasurer, or a director or managing agent." It has never been supposed that a service upon one of the officers thus named is required to be made while the officer is acting officially or engaged in the business of the corporation. Such service is authorized because it is the duty of the officer or agent served to communicate notice of the service to the corporation, and that the corporation is thus reasonably certain of receiving notice of the commencement of the action.

We can perceive no reason for doubting that any service which would be sufficient for commencing an action against a domestic corporation could be authorized to commence an action against a foreign corporation.

A judgment to be rendered in an action thus commenced against a foreign corporation will be valid for every purpose within this State, and can be enforced against any property at any time found within this State. Its effect elsewhere need not now be determined.

The order should be affirmed.

All concur.

Order affirmed