(117 App. Div. 576)

### GRANT v. CANANEA CONSOLIDATED COPPER CO. et al.

(Supreme Court, Appellate Division, First Department.   February 8, 1907.)

1. COURTS—DECISIONS OF FEDERAL SUPREME COURT—AUTHORITY.
      The Appellate 'Division must, in deciding a federal question, follow
   the decisions of the federal Supreme Court thereon, though they are in
   opposition to the decisions of the Court of Appeals of the state, which are
   otherwise controlling.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 329–
   334.]

2. CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF SUMMONS.
      The summons in an action against a foreign corporation doing no busi-
   ness, and having no office in the state, and having appointed no agent on
   whom service of summons may be made, was handed to its president in
   the state.   The corporation appeared specially, and moved to vacate the
   service of summons, and thereby raised a federal question under the
   fourteenth amendment to the federal Constitution.   *Held,* that a fed-
   eral question being raised, and following the decisions of the federal
   Supreme Court, the service must be held to be insufficient to confer juris-
   diction.
      [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§
   2603–2627.]

      Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by James A. Grant against the Cananea Consolidated Cop-
per Company and others.   From an order denying a motion to vacate
the service· of .summons on the Cananea Consolidated Copper Com-
pany, it appeals.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

M. E. Harby (F. W. McCutcheon, on the brief), for appellant.

Wa'ter B. Raymond (Samuel S. Watson and Chester A. Jayne, on the brief), for respondent.

CLARKE, J.   This is an appeal from an order of the Special Term, denying a motion of the defendant Cananea Consolidated Copper Company for an order vacating the service of the summons upon it through William C. Green, its president.   This is a stockholder's suit, brought by the plaintiff on behalf of all the stockholders of the Cobre Grande Copper Company (an Arizona corporation) similarly situated, for the purpose of procuring a decree adjudging that the Cananea Consolidated Copper Company (a Mexican corporation) holds the legal title to certain mines and mining properties in the Republic of Mexico in trust for the Cobre Grande Company, and of compelling the defendants W. C. Green, the Green Consolidated Copper Company, and the Cananea Consolidated Copper Company to account for and pay over to the defendant Cobre Grande Copper Company all benefits of every kind, if any, derived by them or any of them from any of the said properties and of obtaining other like relief.   On October 8, 1906, a summons indorsed to William C. Green, as president of the Cananea Consolidated Copper Company, was handed to William C. Green, president of the appellant, in this city.   The Cananea company thereafter appeared specially, and moved that the service of the summons be vaca+ed.   It nowhere appears in the record that the plaintiff is a resident or citizen of this state.   The ground of the motion is that the defendant is a foreign corporation; that it does no business in the state of New York; that it has no office in this state; that it has appointed no agent upon whom service could be made, and that the action being in personam the courts of this state under such circumstances have no jurisdiction over it.   Section 432 of the Code provides that:

"Personal service of a summons upon a defendant, being a foreign corporation, must be made by the delivery of a copy thereof within the state as follows:   (1) To the president, vice president, treasurer, assistant treasurer, secretary or assistant secretary, or if the corporation lacks these officers, to the officers performing those functions under another name."

In Pope v. Terre Haute Car Mfg. Co., 87 N. Y. 137, the Court of Appeals said, Earle, J., writing the opinion:

"The plaintiffs are residents of this state, having a cause of action arising upon contract against the defendant, an Indiana corporation.   They caused a summons for the commencement of an action to be served upon the defendant's president within this state, and it made a motion to set aside this service on the ground that it was unauthorized and ineffectual for any purpose.   * * *   It appears that the defendant being a foreign corporation had no place of business, and transacted no business, and had no property within this state, and that at the time its president was served he was temporarily within this state for purposes of his own on his way to a seaside resort, and not in his official capacity, or upon any business of the defendant."

Nevertheless the court held that the service was a good service, and declined to set it aside.   This decision was in November, 1881. The Supreme Court of the United States, however, in a long series of cases beginning with Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565,

St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, and continuing down to Remington v. Central Pacific R. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959, has declared a contrary doctrine. In Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, that court decided that service in New York upon the president of the defendant corporation, a Connecticut concern, temporarily within the state, was invalid, it appearing that the defendant corporation was doing no business in the state of New York, and had no resident agent or property therein. The suit had been commenced in the Supreme Court in the county of Kings and was removed into the Circuit Court of the United States for the Eastern District of New York. It was decided in 1894, and Judge Gray delivering the unanimous opinion of the court, said:

"Upon the question of the validity of such a service as was made in this case, there has been a difference of opinion between the courts of the state of New York and the Circuit Courts of the United States. Such a service has been held valid by the Court of Appeals of New York. Hiller v. Burlington & M. R. Co., 70 N. Y. 223; Pope v. Terra Haute Car Mfg. Co., 87 N. Y. 137. It has been held invalid by the Circuit Courts of the United States, held within the state of New York [citing a large number of cases]. It becomes necessary, therefore, to consider the question upon principle and in the light of the previous decisions of this court. It is an elementary principle of jurisprudence, that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him, or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. * * * A judgment rendered in a court of one state against a corporation neither incorporated nor doing business within the state must be regarded as of no validity in the court of another state, or of the United States, unless service of process was made in the first state upon an agent appointed to act there for the corporation, and not merely upon an officer or agent residing in another state, and only casually within the state, and not charged with any business of the corporation there."

In Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113, the plaintiff was a citizen of New York, and the defendant was incorporated in the state of Virginia. Plaintiff brought an action in the Supreme Court of New York against the defendant for moneys alleged to be due on a contract which was alleged to have been made in the city of New York. The defendant had designated no agent upon whom service could be made, and summons was served upon two members of the board of directors, both residents of the city of New York. The defendant had been engaged in business, and had owned and operated a manufacturing plant within the state up to a few months prior to the service. But it had conveyed this plant and all of the property of every kind and description to another corporation organized under the laws of Virginia, and had ceased doing business or holding property within the state. It was said:

"The fact that it held the entire capital stock of the Casner Electroyltic Alkali Company, and that the operations of that company were carried on under the same management as before December 31, 1900, is not material. The new corporation was a separate legal entity, and whatever may have been the motives leading to its creation it can only be regarded as such for the purposes of legal proceedings. It was that corporation alone which trans-

acted any business in this state, notwithstanding it may have been, for all practical purposes, the instrument of the defendant corporation."

The court then reviewed the provisions of the New York Code of Civil Procedure and reaffirming the doctrine of Goldey v. The Morning News, supra, said:

"The principle announced in Goldey v. Morning News covers the case at bar. The residence of an officer of the corporation does not necessarily give the corporation a domicile in the state. He must be there officially, there representing the corporation in its business. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. In other words, a corporation must be doing business there."

In New Mexico ex rel. Caledonia Coal Co. v. Baker, 196 U. S. 432, 25 Sup. Ct. 375, 49 L. Ed. 540, the president of the Sante Fé Railroad Company was served with process while on a railroad train passing through New Mexico. The court said:

"It is firmly established that a court of justice cannot acquire jurisdiction over the person of a defendant except by actual service of the notice within the jurisdiction upon him or upon some one authorized to accept service on his behalf, or by a general waiver, by general appearance or. otherwise, of the want of due service. Citing cases. This principle is applicable to all courts. We are of opinion that the service of summons upon Ripley, as president, while he was passing through the territory on a railroad train, was insufficient as a personal service on the company of which he was president. It is true that the company owned lands in the territory, but its office, at which the meetings of its directors were held, was in the city of New York, while the office of its land commissioner was at Topeka, Kan., and the office of its president was at Chicago, Ill. The mere ownership of lands in New Mexico, or the bringing of suits there to protect its lands against trespass, could not have had the effect to put the company into that territory for the purposes of a personal action against it based on service of summons upon one of its officers while passing through the territory on a railroad train."

In Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, the United States Supreme Court considered the language of several decisions of various state courts of the kind illustrated by the Pope Case, where our Court of Appeals said:

"A judgment to be rendered in an action thus commenced against a foreign corporation will be valid for every purpose within this state, and can be enforced against any property at any time found within this state. Its effect elsewhere need not now be determined."

The Supreme Court said:

"But if the court has no jurisdiction over the person of the defendant by reason of his nonresidence, and consequently not authorized to pass upon his rights and obligations; if the whole proceeding without service upon him or his appearance is coram non judice and void; if to hold a defendant bound by such a judgment is contrary to the first principles of justice, it is difficult to say how the judgment can legitimately have any force within the state. * * * In later cases this language is repeated with less frequency than formerly, it beginning to be considered as it always ought to have been that a judgment which can be treated in any state of this Union as contrary to the first principles of justice, and as an absolute nullity because rendered without any jurisdiction of the tribunal over the party, is not entitled to any respect in the state where rendered. * * * Since the adoption of the fourteenth amendment to the federal Constitution, the validity of such judgments may be directly questioned and their enforcement in the state resisted on the ground that proceedings in a court of justice to determine the personal rights

and obligations of parties over whom the court has no jurisdiction do not constitute due process of law."

The respondent in the matter at bar, admits that a federal question is involved, as indeed is clearly the case. (Fourteenth amendment to the Constitution of the United States.) It has been raised in the proper manner by a special appearance solely for the purpose of moving to set aside the service of the summons. A federal question being thus raised, we are bound to follow the decisions of the Supreme Court of the United States, even if they are in direct opposition to decisions of the Court of Appeals, which would otherwise be controlling. Hintermister v. First National Bank, 64 N. Y. 212; Duncomb v. New York, N. H. & H. R. R. Co., 84 N. Y. 190; Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743. The decisions of the Supreme Court of the United States in the Goldey Case, and the Conlev Case, supra, were made many years after the decision of the Pope Case, supra, by the Court of Appeals, and it is not to be doubted but that the learned Court of Appeals, when the question is again before it, will say of its former decision as it said in Sander v. The State of New York, 182 N. Y. 400, 75 N. E. 234, of the reversal of the case of Muhlker v. N. Y. & H. R. R. Co., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872, "Of course with the decisions of the Supreme Court in the Muhlker Case, our own decisions in the cases cited have ceased to be authorities." It follows, therefore, that the Cananea Copper Company has not been properly brought into court by the service of a summons upon its president, said president not being in this state as the representative of said company, which does no business and has no property herein.

It therefore follows that the order appealed from should be reversed, with costs and disbursements in this court, and the motion granted, with $10 costs.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). The question presented on this motion is not whether a judgment entered in this action is entitled to be enforced as against the defendant outside the state of New York. The Code of Civil Procedure authorizes a service upon the president or other officer of a foreign corporation within this state, and it seems to me that the court, by such service, at least acquires jurisdiction over the defendant sufficient to authorize a judgment which will be valid in this state. I do not understand that the decision of the Supreme Court of the United States cited by Mr. Justice CLARKE in the prevailing opinion interferes with the right of the state of New York to grant a judgment against a foreign corporation where process has been served in accordance with its laws, and which could be enforced in this state. For that reason, I think the court should maintain jurisdiction, leaving the effect of the judgment to be determined when such a judgment is obtained.