JAMES A. GRANT, Appellant, *v.* CANANEA CONSOLIDATED COPPER COMPANY, Respondent, Impleaded with Others.

PROCESS — FOREIGN CORPORATIONS — WHEN SERVICE OF PROCESS UPON, BY DELIVERY TO OFFICER WITHIN THIS STATE, VALID. Where the president of a foreign corporation resides within the state of New York and maintains an office therein from which he manages and controls its business, service of a summons upon the corporation by the delivery of a copy thereof to its president within this state is valid; a contention that such service is in violation of the first section of the 14th amendment of the Federal Constitution prohibiting the depriving of any person of property without due process of law cannot be sustained, since it is in strict conformity with the requirements of section 1780 of the Code of Civil Procedure providing that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, and of subdivision 1 of section 432 thereof which provides that service of a summons upon a foreign corporation may be made within the state by the delivery of a copy thereof to its president, vice-president, secretary or treasurer. Such service operates to give our

courts jurisdiction to hear and determine the rights of the parties to the action in so far as the corporation has property within the state, and the application to our courts for the recovery of such property is the due process of law which the Constitution requires. The provisions of the Code cited do not in any manner violate such constitutional prohibition; nor is the fact that the defendant corporation had neither designated nor authorized any person to accept service upon it within this state material, the service having been made on a head officer of the corporation as required by the Code.

*Grant* v. *Cananea Con. Copper Co.,* 117 App. Div. 576, reversed.

(Argued May 21, 1907; decided October 1, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1907, which reversed an order of Special Term denying a motion to vacate and set aside the service of a summons and granted such motion.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Samuel S. Watson, Walter B. Raymond* and *Chester A. Jayne* for appellant. The statutes of this state expressly authorize a service of summons such as was made on the defendant Cananea Company and it is not within the province of the courts of this state to change or modify the provisions of such statutes. (Code Civ. Pro. §§ 432, 1780; *Pope* v. *T. H. C. Mfg. Co.,* 87 N. Y. 137; *A. & P. T. Co.* v. *B. & O. R. R. Co.,* 87 N. Y. 355; *Hiller* v. *B. & M. R. R. Co.,* 70 N. Y. 223; *Porter* v. *S. S. C. H. Co.,* 23 Abb. [N. C.] 233; *Barnett* v. *C. & L. H. R. R. Co.,* 4 Hun, 114; *Plimpton* v. *Biglow,* 93 N. Y. 592; *Gibbs* v. *Q. Ins. Co.,* 63 N. Y. 114; *McCluskey* v. *Cromwell,* 11 N. Y. 593; *Johnson* v. *Hudson R. R. R. Co.,* 49 N. Y. 455; *Benton* v. *Wickwire,* 54 N. Y. 226.) The proceedings objected to constitute due process of law in that sufficient notice is given to the defendant of the proceedings instituted against it and an ample opportunity afforded to defend. (*Simon* v. *Craft,* 182 U. S. 427; *L. & N. R. R. Co.* v. *Schmidt,* 177 U. S. 230;

*Stuart* v. *Palmer*, 74 N. Y. 183; *Hooker* v. *Los Angeles*, 188 U. S. 314; *People* v. *Sickles*, 156 N. Y. 541; *Railway Tax Case*, 13 Fed. Rep. 748, 762; *Burns* v. *M. R. Co.*, 15 Fed. Rep. 177; *Davidson* v. *New Orleans*, 96 U. S. 97; *Hurtado* v. *California*, 110 U. S. 516; *Iowa Cent. Ry. Co.* v. *Iowa*, 160 U. S. 389; *L. I. W. S. Co.* v. *Brooklyn*, 166 U. S. 685.) The court below erred in deeming itself bound by the decisions of the United States courts to vacate the service of summons herein since there is nothing in those decisions which interferes with the right of this state to authorize its courts to grant a judgment against a foreign corporation which could be enforced within this state where process has been served in accordance with the laws of this state. (*Steele* v. *Smith*, 7 W. & S. 447; *Hill* v. *Bowman*, 14 La. 445; *Weaver* v. *Boggs*, 38 Md. 255; *McKay* v. *Gordon*, 34 N. Y. 286; *Folger* v. *C. Ins. Co.*, 99 Mass. 273; *Barnett* v. *C. & L. H. Ry. Co.*, 4 Hun, 114; *D'Arcy* v. *Ketcham*, 11 How. [U. S.] 165; *Dept. of Public Works* v. *Columbia College*, 17 Wall. 527; *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *G. L. Co.*, 19 Wall. 58.)

*F. M. McCutcheon* and *M. E. Harby* for respondent. The decisions of the Federal Supreme Court control the determination of the question at issue, notwithstanding the expression of conflicting views in previous decisions of this court. (*Hintermister* v. *F. Nat. Bank*, 64 N. Y. 212; *F. Nat. Bank* v. *Lamb*, 50 N. Y. 95; *Sander* v. *State*, 182 N. Y. 400; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190.) The Supreme Court of the United States has expressly determined that a judgment *in personam* of a state court, if founded upon service of process which — within the rules established by the decisions of the Federal Supreme Court — is not sufficient to confer jurisdiction upon the court rendering the judgment, is void as repugnant to the 14th amendment of the Federal Constitution, and that service upon an officer of a foreign corporation of process issuing from a state court is not sufficient to confer jurisdiction to render a judgment *in*

*personam* against the corporation, if the corporation has not submitted itself to the local jurisdiction by appointing an agent to accept service or by doing business within the state. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Dewey* v. *Des Moines*, 173 U. S.-193; *St. Clair* v. *Cox*, 106 U. S. 350; *Hart* v. *Sansom*, 110 U. S. 151; *Scott* v. *McNeal*, 154 U. S. 34; *Fitzgerald Co.* v. *Fitzgerald*, 137 U. S. 106; *Goldey* v. *Morning News*, 156 U. S. 518; *W. W. Ry.* v. *Brown*, 164 U. S. 271; *B. S. Co.* v. *Kane*, 170 U. S. 100.)

Haight, J. The Appellate Division, in allowing an appeal to this court, certified the following question: "Upon the facts appearing upon this application, did the Supreme Court of this state acquire jurisdiction of the Cananea Consolidated Copper Company, Sociedad Anonima, in this action."

It appears from the allegations of the complaint that James A. Grant, the plaintiff, is the owner of stock in the defendant Cobre Grande Copper Company, an Arizona corporation, of which the defendant William C. Greene is the president and the owner of the majority of the stock; that the plaintiff brings this action in behalf of himself and of all other stockholders of the corporation similarly situated, to have the defendant Cananea Consolidated Copper Company, a Mexican corporation, adjudged to be the holder, in trust, for the benefit of the Cobre Grande Copper Company of certain mines and mining properties situate in the republic of Mexico, of which the defendant William C. Greene is also the president and owner or controller of substantially all of the stock of the corporation, and to compel such corporation and William C. Greene, its president, together with the Greene Consolidated Copper Company, a West Virginia corporation, of which he is also the president and the owner or controller of substantially all of its stock, to account to the Cobre Grande Copper Company and to the plaintiff for the income and profits arising from the work, use and occupation of such mines and mining properties. The complaint alleges, in substance, that the Greene Consolidated

Copper Company was organized as a holding company of the stock of both the Cananea and Cobre Grande companies, and to take over and dispose of the ores produced by those companies. The action was commenced by the personal service of a summons within this state upon William C. Greene, individually and as president of the three corporations named. The uncontroverted facts, as appear from the affidavits read upon the hearing of the motion, are substantially as follows: William C. Greene is a resident of the city of New York, and the Greene Consolidated Copper Company maintains an office at No. 24 Broad street in that city, where its president, Greene, conducts the general business of the corporation. The Cananea corporation was organized for the purpose of holding legal title to the mines and properties situated in the republic of Mexico belonging to the Cobre Grande Company, to which under the Mexican laws it was unable to hold legal title, unless it incurred heavy taxes and expenses of legalization. As such it is engaged in the mining, reducing and refining of ores at and near the city of Cananea in the state of Sonora, in the republic of Mexico, and the ores produced from such mines as soon as smelted and treated are transferred and delivered to the Greene Consolidated Copper Company, which company causes the same to be sold and shipped to such parts of the world as the purchasers may order. The Cananea corporation also owns and controls the Banco de Cananea, a bank doing business in the city of Cananea, which bank at times has credit balances with its correspondent bank in the city of New York. The Cananea Company draws drafts upon the Greene Consolidated Company for the purpose of meeting its expenses in the working of the mines, and at the time this motion was made it had a sum of money to its credit with the Greene Consolidated Company. While the Cananea Company maintains no office, clerk or employee in this state, and does not transact business here other than that referred to, the stock of the Cananea Company is owned by the Greene Company, and the business of the former company is managed, controlled and its busi-

ness conducted by the Greene Company through its president and officers at its office in Broad street in the city of New York. The question is thus presented as to whether, under the facts here presented, the courts of this state acquired jurisdiction of the plaintiff's cause of action by the service of a summons upon the president of the Cananea Company.

It will readily be seen that the situation is peculiar and differs from that of any other reported case, either in our own or the Federal courts, to which our attention has been called. The Cananea Company certainly is a proper party in an action for an accounting. Whether it be a necessary party, we do not now determine. If it is a necessary party and the courts of this state have not acquired jurisdiction of it by the service of a summons in the manner set forth, it is not apparent how the minority stockholders of the Cobre Grande Company can obtain relief. Should they commence their action in the Federal court, they would be met with the same difficulty with reference to the acquiring of jurisdiction over the Mexican corporation, and should they go to Mexico and institute their action there, they would meet with a similar difficulty with reference to acquiring jurisdiction over the Cobre Grande and the Greene Consolidated corporations. We are not now concerned with the question as to whether the complaint states a cause of action, for the motion to set aside the service of the summons was based upon the grounds that the Cananea Company was a Mexican corporation which did not carry on business or maintain an office or possess property within this state, and did not have any officer, agent or employee authorized to accept service of papers, and that the service made was in violation of the first section of the 14th amendment of the Constitution of the United States, and consequently did not give our courts jurisdiction. The provision of the Constitution referred to is that which prohibits the depriving of any person of property without due process of law. If the defendant Cananea Company is here to such an extent that we may acquire jurisdiction of it by the service of a summons, then our courts may

determine as to the rights of the company in so far as it has property here over which the courts may acquire jurisdiction. If it has property or profits arising from the mining of ores in the hands of the Greene Consolidated corporation which in equity belongs to our own citizens, they may apply to the courts, either State or Federal, to recover that which belongs to them, and such application is the due process of law which the Constitution recognizes and requires.

Section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, and section 432, subd. 1, provides that personal service of a summons upon a foreign corporation may be made within the state by the delivering of a copy thereof to its president, vice-president, treasurer or secretary. The service made herein strictly conforms to the requirements of the Code, and thereby operates to give our courts jurisdiction to hear and determine the claims of the parties and award the proper judgment, upon which process may issue to reach any property of the judgment creditor that may be within this state and subject to our jurisdiction. (*Pope* v. *Terre Haute Car & Mfg. Co.*, 87 N. Y. 137; *Atl. & Pac. Tel. Co.* v. *Balt. & O. R. R. Co.*, 87 N. Y. 355.) But it is contended that the provisions of the Code are violative of the provision of the Constitution of the United States, already referred to. This we cannot admit. The great business and commercial transactions of our citizens are now largely conducted through corporations, and no reason is apparent why foreign corporations should be treated differently from foreign individuals. If our citizens have claims against such corporations or individuals, who can be found here within our jurisdiction, they should be permitted to apply to the courts for relief rather than be compelled to follow their debtors into foreign jurisdiction. It must be borne in mind that the provisions of the Code alluded to have reference to actions brought by residents of the state and not to actions brought by non-residents or foreign corporations. The provision with reference to bringing such actions is very

different. It is as follows: "An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract, made within the State, or relating to property situated within the State, at the time of the making thereof. (2) Where it is brought to recover real property situated within the State or a chattel, which is replevied within the State. (3) Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State." (Code Civ. Pro., § 1780.) Here we have specific limitations to the cases in which such actions may be brought which relate to causes of actions arising within the state for the breach of contracts made within the state, and to property situated within the state, which do not apply to actions by residents or domestic corporations. These provisions are violative of no provision of the Federal Constitution to which our attention has been called, nor do they conflict with the Federal authorities upon the subject.

It is contended that the defendant, the Cananea Company, had not designated or authorized any person to accept service upon the company in this state. Very true, it had not; but under the provisions of the Code such designation is not necessary, provided the head officers of the corporation are here and can be served, such as the president, vice-president, treasurer or secretary. Section 432, subd. 2, of the Code contains provisions with reference to the designating of persons by corporations in this state upon whom service of process may be made. These provisions are only important when there is no president, vice-president, treasurer or secretary here. Under the third subdivision of the section further provision is made for cases where no designation has been made, and when neither of the officers above specified can be found within the state then service may be made upon a cashier, a director or a managing agent of the company if the corporation has property within the state or the cause of action arose

therein.   It will thus be seen that the legislature has proceeded with much care in framing these provisions, carefully
safeguarding the rights of foreign corporations as well as
those of our own citizens.   While the first subdivision of the
section is exceedingly broad and authorizes the personal service
of the summons upon the head officers of a corporation, specifically naming the president, vice-president, treasurer or secretary, the third subdivision, which authorizes the service upon
the director, cashier or managing agent, is limited to cases
only in which the corporation has property within the state or
the cause of action arose therein.

   It must be conceded that in so far as the service of process
is concerned, the decisions of our own court are not in entire
accord with those of the Supreme Court of the United States.
In *Pope* v. *Terre Haute Car & Mfg. Co.* (*supra*) it was held
that when the action was brought by a resident of this state
the service of a summons upon the president of a foreign corporation while temporarily in this state was valid, even though
the corporation had no office, transacted no business and had
no property within the state.   In the case of *Goldey* v.
*Morning News* (156 U. S. 518) it was held that in such a case
the service was not good.   While we regret the difference in
the views of the two courts, we recognize the fact that arguments may be presented in support of either position.   It may
be unjust to a corporation to be compelled to go into a foreign
state to litigate actions when its president was served while
traveling through the state upon other business.   On the other
hand, individuals so traveling may be served, and if a citizen
has a cause of action against such a corporation, it would be
equally unjust to compel him to go into a foreign state to litigate his claim.   In view of the fact that in recent years we
have had many corporations organized in other states for the
purpose of taking over the profits and proceeds of other corporations and distributing the same, whose officers and owners
reside within our own state, the question of service of process
upon such corporations has become one of importance.   While
we entertain the view that our statute upon the subject fur-

nishes the safer and wiser rule to follow, we shall in this case recognize and attempt to follow the rule laid down by the Federal court. In the case of *Conley* v. *Mathieson Alkali Works* (190 U. S. 406) the plaintiff, a resident of this state, brought an action in the state court against the defendant, a Virginia corporation. The record, however, does not show that the cause of action arose in this state. The defendant had designated no agent upon whom service could be made in this state, and none of its head officers were present within the state. It was doing no business and had no property within the state. Service was made upon a director who resided here. It was held that the service was not good. This decision was in accord with the provisions of the Code to which we have referred, for, under it, service can only be made upon a director where there is no designation of a person upon whom service could be made and where the officers of the corporation cannot be found within the state, in cases where the corporation has property within the state, or the cause of action arose therein. In the case of *Lumbermen's Insurance Co.* v. *Meyer* (197 U. S. 407), Meyer being the plaintiff below, it was held that, to obtain jurisdiction in New York, personal service of the summons upon the corporation must be made in the manner designated by section 432 of the Code of Civil Procedure of that state, and if the corporation has no property in the state and service cannot be made on the president, vice-president, treasurer or secretary, and no person has been designated, such service can only be made on a director or person specified in subdivision 3 of that section, in case the cause of action arose within the state. The loss having occurred in that state, the service upon a director was good. In the case of *Brush Creek Coal & M. Co.* v. *Morgan-Gardner Elec. Co.* (136 Fed. Rep. 505) the defendant was an Illinois corporation and the plaintiff a Missouri company. The defendant's general manager was in Wyoming on business, and when returning passed through Kansas City, Mo., at which place he stopped off to confer with the plaintiff's president with reference to the adjustments of their differ-

ences. While there the plaintiff's president caused to be served upon him, as an officer of the defendant, a summons in the action. The service was held good. AMIDON, J., in delivering the opinion of the court, says : "If the officer served was a general officer of the corporation, then the extent of the business transacted by him in this state is of no importance in determining the question as to whether he is of an official rank such as to make him properly representative of the company. The precise question under consideration was before the Circuit Court for the Northern District of Illinois in the case of *Houston* v. *Filer & Stowell Co.* (85 Fed. Rep. 757), and it was there held that, when the manager of a corporation goes into another state on the business of the corporation, service of summons against the corporation in a suit relating to that business may be made on him there, although the corporation does not transact business in the state so as to make it an inhabitant thereof. In my judgment the opinion in this case is a correct exposition of the law. Any individual may be served in any state where he is found without regard to the place of his residence. A corporation is entitled to no greater exemption." (See, also, *Revans* v. *Southern Missouri & A. R. Co.*, 114 Fed. Rep. 982.)

We have already stated the facts under which the service was made in this case. As we have seen, Greene was the president of the Cananea Company, owning or controlling all the stock of the company. He had caused to be organized the Greene Consolidated Corporation as a holding company, to which he had transferred the principal part of the Cananea stock. He was also the president and owner, or controller, of all of the stock of the Greene Consolidated Company. Its office was located in New York city, where Greene resided and conducted its business, which included the management and control of the business of the Cananea Company. It appears to us that, under the facts appearing in this case, the service was valid, not only under the decisions of our court, but under those of the Federal court as well.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in both courts, and the question certified answered in the affirmative.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, VANN, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.