(140 App. Div. 367.)

SADLER et al. v. BOSTON & BOLIVIA RUBBER CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. COURTS (§ 91*)—RULES OF DECISION—BINDING PRECEDENT—COURT OF APPEALS.

As between conflicting decisions by the United States Supreme Court and the Court of Appeals as to the validity of service of process to give jurisdiction, the Appellate Division must follow the rule of the Court of Appeals.

[Ed. Note.—For other cases, see Courts; Cent. Dig. §§ 325, 326; Dec. Dig. § 91.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 668*)—PERSONAL SERVICE—STATUTORY PROVISIONS.

Under the Code of Civil Procedure, service of process upon a foreign corporation, which owns no property and does no business in this state, is good when made upon its treasurer, who is a nonresident, but temporarily within the state, and is not in violation of the federal Constitution.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603, 2627; Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by H. McIntosh Sadler and another against the Boston & Bolivia Rubber Company. From an order denying a motion to set aside the service of summons, defendant appeals. Order affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

John W. Griggs, for appellant.
Charles H. Tuttle, for respondents.

SCOTT, J. Defendant appeals from an order of the Special Term, denying a motion to set aside and declare null and void the service of a summons upon the defendant appellant. One of the plaintiffs is a resident of the state of New York. The defendant is a foreign corporation, organized under the laws of the state of Maine, has never been authorized to do business in this state, and has never done business here, or maintained an office or agent here for the transaction of business, and has not now, nor had when the summons was served, any property within this state. The summons was attempted to be served upon defendant by delivery to its treasurer, a resident of Massachusetts, while he was in transit through this state on his way from England to his home. Was this service valid, and did it bring the defendant within the jurisdiction of the courts of this state?

This question is one upon which the decision of the federal courts and the courts of this state have been in irreconcilable conflict for many years. Tested by the rule laid down in this state in Pope v. Terre Haute Car Mfg. Co., 87 N. Y. 137, and never explicitly overruled or rescinded, the service was good, at least in so far as to confer jurisdiction of the defendant upon the courts of this state. Tested by the rule repeatedly laid down by the Supreme Court of the United States, the service was bad, and conferred no jurisdiction over the defendant upon any court. Vide cases cited by Mr. Justice Clarke in Grant v. Cananea Con. Copper Co., 117 App. Div. 576, 102 N. Y. Supp. 642. Of course, we are bound to follow the rule of our own Court of Appeals, unless that rule is violative of the provisions of the federal Constitution, or the Court of Appeals has itself rescinded the rule in the Pope Case and conformed to the rule laid down by the Supreme Court of the United States. The appellant contends for both of these propositions.

We do not so understand the present attitude of the Court of Appeals. Its latest expression upon the subject is contained in Grant v. Cananea Con. Copper Co., 189 N. Y. 241, 82 N. E. 191. In that case, after pointing out that the method of service now complained of

is in strict conformity to the requirements of the Code of Civil Procedure, the court said:

"But it is contended that the provisions of the Code are violative of the provisions of the Constitution of the United States, already referred to.· This we cannot admit."

But it is argued that in the Grant Case itself the Court of Appeals has abandoned its former position, and adopted that of the Supreme Court of the United States. This argument is based upon the following sentence from the opinion of the court:

"While we entertain the view that our statute upon the subject furnishes the safer and wiser rule to follow, we shall, in this case, recognize and attempt to follow the rule laid down by the federal court."

We are unable to find in this expression any indication of an intent to recede from the rule announced in the Pope Case, where that rule is applicable. The application of the federal rule is especially and significantly limited to the particular case then under consideration, and, as we understand the sentence above quoted, it means nothing more than that the facts of that case brought it even within the rule adhered to by the federal courts. Being bound, as we are, to follow the rule of the Court of Appeals as we understand it, we are compelled to affirm the order appealed from.

Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and MILLER and DOWLING, JJ., concur.

CLARKE, J. The facts are on all fours with those presented upon a similar motion to set aside the service of the summons upon the same grounds in Pope v. Terre Haute Car Mfg. Co., 87 N. Y. 137, where the Court of Appeals refused to grant the motion,· retained jurisdiction, and said:

"A judgment to be rendered in an action thus commenced against a foreign corporation will be valid for every purpose within this state, and can be enforced against any property at any time found within this state. Its effect elsewhere need not now be determined."

In Grant v. Cananea Consolidated Copper Co., 117 App. Div. 576, 102 N. Y. Supp. 642, I cited the long line of cases in the Supreme Court of the United States, rendered after the decision in the Pope Case holding such service void and a judgment based thereon violative of the fourteenth amendment of United States Constitution. I believed then, and still believe, that a federal question was involved, and so we were bound by the rule laid down by the Supreme Court of the United States. But, when the Grant Case went to the Court of Appeals (189 N. Y. 241, 82 N. E. 191), that learned court said, in reversing this court:

"But it is contended that the provisions of the Code are violative of the provision of the Constitution of the United States already referred to. This we cannot admit."

This court is intermediate, not final. The orderly administration of justice requires the subordination of individual views, no matter how

firmly fixed, to those of our court of last resort, especially when they have once been fully stated and submitted to that tribunal for consideration.

Therefore, while my personal opinion is unchanged, namely, that the service here in question is bad, and ought to be set aside, I vote to uphold it, and to affirm the order appealed from, upon the direct authority of the Pope Case, not weakened or modified by the Grant Case, supra.