### MALLORY et al. v. VIRGINIA HOT SPRINGS CO.

(Supreme Court, Appellate Division, Second Department. May 9, 1913.)

1. Corporations (§ 668*)—Foreign Corporations—Actions—Jurisdiction.
   Jurisdiction of the person of a foreign corporation defendant was acquired by service of summons upon its president within the state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*]

2. Courts (§ 14*)—Action by Nonresident against Foreign Corporation.
   Code Civ. Proc. § 1780, subd. 1, provides that an action may be brought against a foreign corporation by a nonresident only in one of the following cases: Where brought for breach of contract made within the state or relating to property situated therein (subdivision 1); where brought to recover realty situated within the state (subdivision 2); or where the cause of action arose within the state, except where its object is to affect the title to realty situated therein (subdivision 3). Held, that an action for damages for a resident testator's negligent death in another state could be maintained against a foreign corporation in this state by his executors, even though one of them was a nonresident.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

3. Death (§ 31*)—Action for Death—Duty of Executor.
   In view of Code Civ. Proc. §§ 1902 to 1905, inclusive, authorizing an executor to maintain an action for testator's negligent death, it is the duty of executors to maintain such action.

   [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48; Dec. Dig. § 31.*]

4. Executors and Administrators (§ 524*)—Right of Action.
   Foreign executors cannot at common law maintain an action.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.*]

5. Evidence (§ 35*)—Judicial Notice—Common Law of Other State.
   The Supreme Court must take judicial notice of the common-law rule of a sister state prohibiting a foreign executor from maintaining an action.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 51; Dec. Dig. § 35.*]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. **EXECUTORS AND ADMINISTRATORS (§ 438\*)—ACTIONS—COEXECUTORS.**
Three executors, suing for testator's wrongful death, were required to sue jointly.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790; Dec. Dig. § 438.*]

7. **PARTIES (§ 65\*)—PLAINTIFF—ELIMINATION.**
The court has power to strike out the name of a foreign executor as a party plaintiff, in order to permit the action to be maintained by the other executors, if that were necessary to save the action.
[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 100–107; Dec. Dig. § 65.*]

8. **ABATEMENT AND REVIVAL (§ 3\*)—OBJECTIONS TO JURISDICTION—MOTION OR DEMURRER.**
The question of the court's jurisdiction over the subject-matter of an action by executors for testator's negligent death should not be settled upon motion to set aside the service of summons; the proper method of raising the question being by demurrer or answer.
[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 7–24; Dec. Dig. § 3.*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by Charles Mallory and another, as executors, against Virginia Hot Springs Company. From an order of the Special Term, denying a motion to set aside the summons and dismiss the action, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Fay Ingalls, of New York City, for appellant.
Knowlton Durham, of New York City, for respondents.

STAPLETON, J. The appeal is from an order denying a motion to set aside the service of the summons and for a dismissal of the action.

The following facts must be assumed in the determination of this motion: The testator of the plaintiffs was a resident of this state at the time of her death. Her death was caused in the state of Virginia by the neglect of a corporation created by and doing business under the laws of that state. There is in Virginia a statute similar in its provisions to the one in this state (sections 1902, 1903, 1904, and 1905, Code of Civil Procedure), which gives to an executor of a decedent, whose death was thus caused, an action to recover damages for the benefit of the husband or next of kin of the decedent as compensation for the pecuniary injuries resulting to him or them. The time within which the action may be brought under the Virginia statute is 12 months. Letters testamentary were issued to the three plaintiffs upon the probate of the decedent's will. Two of the plaintiffs were, at the time of the commencement of the action, residents of the state of New York, and one was a resident of the state of Connecticut.

[1] The following propositions must be accepted: There was no pleading served, and the application is upon affidavits. The jurisdiction of the person of the defendant was acquired by service of the

summons within the state upon its president.  Grant v. Cananea Consolidated Copper Co., 189 N. Y. 241, 82 N. E. 191; Sadler v. Boston & Bolivia Rubber Co., 140 App. Div. 367, 125 N. Y. Supp. 405, affirmed 202 N. Y. 547, 95 N. E. 1139.  If all the plaintiffs were residents of this state, the action would unquestionably be maintainable. Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Johnson v. Phœnix Bridge Co., 197 N. Y. 316, 90 N. E. 953.

The only assertion of the defendant which requires discussion is that, because one of the three executors is a nonresident of this state, the action may not be maintained against it, a foreign corporation, as the action is not one enumerated in subdivisions 1, 2, and 3 of section 1780 of the Code of Civil Procedure, which section reads:

"An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only:

"1. Where the action is brought to recover damages for the breach of a contract, made within the state or relating to property situated within the state, at the time of the making thereof.

"2. Where it is brought to recover real property situated within the state, or a chattel, which is replevied within the state.

"3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state."

We are compelled to acknowledge that in a case brought in the Superior Court of the City of New York, where it appeared the cause of action arose in a foreign country, the intestate was a nonresident of this state at the time of his death, his sole administrator, appointed by the courts of this state, was a nonresident at the time of the commencement of the action, and the defendant was a foreign corporation, it has been held that a motion, made to vacate the summons and dismiss the complaint, should have been granted on the ground that the court did not have jurisdiction of the action; i. e., of the subject-matter thereof.  Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636.  No question seems to have been raised as to the propriety of the motion.

[2] We do not believe the scope of that decision should be extended to exclude the representatives of a decedent who was a resident of this state at the time of her death, two of said representatives being residents here at the time of the commencement of the action, from pursuing a remedy for the benefit of her husband or next of kin.  The obvious object of this motion is to destroy plaintiffs' cause of action, through the operation of the short limitation in the Virginia statute. We should not be hospitable to that project.  There is no reason why the jurisdiction should not attach to the subject-matter of the action because of the residence in the state of some of the executors, nor why the nonresidence of one should be the determining factor in the decision of the question.

[3-6] A contemplation of the plaintiffs' situation will test the justice of the defendant's position.  The executors had a duty to bring an action.  Sections 1902 to 1905, inclusive, Code of Civil Procedure;

Wooden v. W. N. Y. & P. R. R. Co., supra. They could not go to Virginia to sue, because the common-law rule, of which we must take cognizance, is that they could not maintain an action in a jurisdiction in which they were foreign executors. Johnson v. Wallis, 112 N. Y. 230, 232, 19 N. E. 653, 2 L. R. A. 828, 8 Am. St. Rep. 742; Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457, 12 L. R. A. 237. They were required to sue jointly (Bodle v. Hulse, 5 Wend. 313), although, had they been sued, they would be by statute considered as one person (section 1817, Code of Civil Procedure).

[7] Under our statute law the nonresident plaintiff may, before the trial, have his letters testamentary revoked and be discharged as executor upon his application (sections 2689 and 2690 of the Code of Civil Procedure), and the courts would have the power to strike out his name as a party plaintiff (Gittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969), and thus save the cause of action, should this be necessary to establish jurisdiction of the subject-matter. In those respects the case is clearly distinguishable from Brooks v. Mexican Construction Co., 49 N. Y. Super. Ct. 234, s. c. 50 N. Y. Super. Ct. 281.

[8] To sustain the order from which the appeal is taken, it is sufficient to decide that, in the light of the duties, obligations, and rights of these parties and the powers of this court, the question as to the jurisdiction of the court over the subject-matter does not arise and should not be settled upon a motion to set aside the service of the summons, and that the proper mode of raising that question is by demurrer or by answer. Atlantic & Pacific Telegraph Co. v. B. & O. R. R. Co., 87 N. Y. 355; Ubart v. Baltimore & Ohio R. R. Co., 117 App. Div. 831, 102 N. Y. Supp. 1000; Manning, Maxwell & Moore, Inc., v. Canadian Locomotive Co., Ltd., 120 App. Div. 735, 105 N. Y. Supp. 662.

We prefer, however, to determine that this court has jurisdiction of this action because of the facts that at the time of her death the decedent was a resident of this state, and that at the time of the commencement of this action two of the plaintiffs were also residents hereof. It is inconceivable that a cause of action which would otherwise accrue to the representatives of a testatrix, a resident of this state at the time of her death, could be destroyed by the simple circumstance that one of the joint executors nominated by her in her will was a nonresident.

We think there should be an affirmance of the order, with $10 costs and disbursements.

JENKS, P. J., and CARR and RICH, JJ., concur.

THOMAS, J. (dissenting). The appellant moved to set aside the summons and to dismiss the action upon the ground that one of the three plaintiffs is a resident of Connecticut and the defendant a foreign corporation, wherefore the plaintiffs could not sue defendant in this state upon a cause of action arising in Virginia, under section 1780 of the Code of Civil Procedure, and in any case jurisdiction of the defendant could not be acquired. The defendant's president and vice president, some of its directors, and one of its agents, reside in

the state of New York, and through them the defendant was doing business in this state when the summons was served on its president, even to holding here at times meetings of its directors. The service is valid. Grant v. Cananea Consolidated Copper Co., 189 N. Y. 241, 82 N. E. 191; Sadler v. Boston & Bolivia Rubber Co., 140 App. Div. 367, 125 N. Y. Supp. 405, affirmed 202 N. Y. 547. But can the three executors, one of whom is a nonresident, maintain this action against the nonresident? The action is to recover damages for the death of a woman who was killed in the state of Virginia by the wrongful act of the defendant, and by the statute of that state the action may be brought by the personal representatives for the benefit of the persons entitled within 12 months after the death, which period expired November 12, 1912. The decedent was a resident of the state of New York, where her will was probated and letters thereon issued to the three plaintiffs. What does the statute (Code of Civil Procedure, § 1780) mean?

"An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only."

No one of the cases named covers the case at bar. Hence, unless the plaintiffs are "resident of the state" the action cannot be maintained. The defendant removed this action to the federal court in this district, and the plaintiffs caused it to be remanded upon the ground that one of the executors "is a citizen and resident of the state of Connecticut," and that the others "are citizens and residents of the state of New York," and it was remanded accordingly. While all the parties plaintiff lived in states other than that of the defendant's residence, all the plaintiffs did not live in the Eastern district of New York and the defendant did not live there. But the plaintiffs must be residents of that district to enable the action to be tried there.

The plaintiffs now argue that they are residents within the meaning of section 1780. The cause of action resided in part in a nonresident of the state while the action was in the federal court. It does not cease to be so when the action comes back to the state court. If A. and B., of New York, and C., of Connecticut, own a horse killed in the latter state by D. living therein, it could not be well urged, I assume, that the three persons could as plaintiffs recover the damages in an action in the state of New York. It was decided in Brooks v. Mexican Construction Co., 49 N. Y. Super. Ct. 234, on reargument 50 N. Y. Super. Ct. 281, that 16 joint owners of a vessel, of whom 11 were nonresidents, could not maintain an action against a nonresident for negligently injuring her in collision. If the law be otherwise, then may one resident recover the damages for all others nonresident, against a nonresident wrongdoer in a foreign state. It is not a question whether a resident owner of an individual interest may so sue here. The present cause of action runs to all the plaintiffs jointly. There is no several interest; hence there can be no severance of the parties in interest. While it seems desirable that executors of one who at her death was a resident of this state, confirmed by a court of this

state, should be competent to sue in its courts for the purposes of such administration, yet I do not perceive by what ingenuity of argument the language of the statute can be construed to permit it.

The order should be reversed, with $10 costs and disbursements, and the motion to set aside the summons be granted, with $10 costs.