upon a verdict and from an order entered on the 25th day of July, 1914, denying a motion for a new trial.

SCOTT, J.: Plaintiff, while in defendant's employ, was directed by the latter's foreman to adjust a cable, containing electrical wires, to an elevator car in a building in course of construction. To do the work required of him it was necessary to pass the end of the cable around a spool or spindle on the bottom of the car, and then, standing under the car, to watch the cable as the car ascended, to see whether or not it kinked, or interfered with other cables strung up the shaft. The cable carried no strain except its own weight. While the car was ascending the cable became unfastened, falling upon plaintiff and injuring him. The reason it fell was because it had been insecurely and improperly fastened by plaintiff himself and his helper working under his supervision. The plaintiff was experienced at this sort of work, and there is no complaint that the cable, and the wire with which it was to be fastened, were not sound and proper for the work in hand. The method of fastening the cable was to pass the end around the spool or spindle and then to seize or tie the end to the standing part of the cable with wire. If this had been properly done it would have been quite safe and secure. The plaintiff urges that his employer should have provided a longer cable so that after the two parts had been brought together and seized there would have remained an excess of loose end which could in some way have been fastened to the car so that if plaintiff's work had been improperly done, as it was, the cable would have remained fastened to the car. In other words, the plaintiff claims that he should have been protected against the consequences of his own carelessness. We are aware of no such obligation upon an employer, who is certainly not bound to anticipate that an experienced and competent employee will perform a simple piece of work so imperfectly that it will fail. The judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the result. Ingraham, P. J., McLaughlin, Laughlin and Hotchkiss, JJ., concurred. Judgment and order reversed, new trial ordered, costs to appellant to abide event. Order to be settled on notice.

———

Joseph P. Hall, Appellant, v. Galban & Company, Respondent.— Order modified as directed in order, and as modified affirmed, with ten dollars costs and disbursements to plaintiff. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ.

Frank B. Robinson, as a Stockholder in the Mosher Water Tube Boiler Company, Suing in His Own Behalf, etc., Respondent, v. Charles McKnight and Others, Defendants, Impleaded with Western National Bank, Appellant.— Order affirmed, with ten dollars costs and disbursements, on the authority of Sadler v. Boston & Bolivia Rubber Co. (140 App. Div. 367; affd., 202 N. Y. 547). Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ.