### MAGNOLA METAL CO. v. SAVANNAH SUPPLY CO.

(Supreme Court, Special Term, New York County. June 7, 1915.)

CONSTITUTIONAL LAW ☞309—FOREIGN CORPORATION—SERVICE ON PRESIDENT IN STATE—WHEN INVALID.

Where defendant, a foreign corporation, had no property or office for the transaction of business in New York, service of a summons and complaint on its president in New York, who was not in the state on any business or in the interest of defendant company, was void, since such service was violative of the due process clause of the Fourteenth Amendment to the federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. ☞309.]

Action by the Magnola Metal Company against the Savannah Supply Company. On motion to vacate the service of summons and complaint. Service vacated.

Alexander S. Bacon, of New York City, for plaintiff.
Olney & Comstock, of New York City, for defendant.

GREENBAUM, J. Motion to vacate the alleged service of a summons and complaint served in this state upon the president of the defendant, a foreign corporation. The undisputed evidence is that the defendant's president at the time of service was not in the state

of New York on any business or interest of the defendant and that the defendant had no property in this state nor any office therein for the transaction of its business. Under the rule laid down in Pope v. Terre Haute Car & Mfg. Co., 87 N. Y. 137, and followed in numerous cases, such a service as here attempted has been held effectual, despite the fact that the United States Supreme Court has quite uniformly held contrary to the New York state rule. Sadler v. Boston & Bolivia Rubber Co., 140 App. Div. 367, 368, 125 N. Y. Supp. 405, 406, affirmed 202 N. Y. 547, 95 N. E. 1139. In the Sadler Case, supra, the court expressly said:

"Of course, we are bound to follow the rule of our own Court of Appeals, unless that rule is violative * * * of the federal Constitution, or the Court of Appeals has itself rescinded the rule in the Pope Case and conformed to the rule laid down by the Supreme Court of the United States."

And further on the court referred to the opinion of the Court of Appeals in Grant v. Cananea Consolidated Copper Co., 189 N. Y. 241, 82 N. E. 191, in which it was said:

"But it is contended that the provisions of the Code are violative of the provision of the Constitution of the United States, already referred to (i. e., the Fourteenth Amendment). This we cannot admit."

As there had not been any departure by the Court of Appeals from the rule in the Pope Case, and as that court had expressly stated in the Grant Case, supra, that it would not admit that our Code provisions applicable to the service of process upon a foreign corporation were violative of the due process clause of the federal Constitution, the Appellate Division was constrained to follow the Court of Appeals. The United States Supreme Court, however, on April 12, 1915, has handed down a decision in Riverside & Dan River Cotton Mills v. Memefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910, in which it explicitly holds as void a service upon a resident director of a foreign corporation, where the defendant had not come into the state in which the service was attempted for the purpose of doing business therein and had no property there and no qualified agent therein upon whom process may be served, notwithstanding that such service was effected pursuant to the statutes of the state in which the attempted service was made. The court concludes its opinion in the following words:

"It is true that in most of the decided cases questions concerning judgments rendered without a hearing under the circumstances here disclosed have arisen from attempts to enforce such judgments in jurisdictions other than the one wherein they were rendered, presumably because the defense of want of due process was not made until the judgments had been entered and an effort to enforce them was made. But the fact that because unobservedly or otherwise judgments have been rendered in violation of the due process clause and their enforcement has been refused under the full faith and credit clause affords no ground for refusing to apply the due process clause and preventing that from being done which is by it forbidden and which if done would be void and not entitled to enforcement under the full faith and credit clause. The two clauses are harmonious and because the one may be applicable to prevent a void judgment being enforced affords no ground for denying efficacy to the other in order to permit a void judgment to be rendered."

We have thus a construction by the highest tribunal in the land in effect overruling the Court of Appeals that such a service as was

here attempted is violative of the United States Constitution and that it is the duty of the court to prevent that from being done which is forbidden by the due process clause. The mandate of the United States Supreme Court makes it incumbent upon this court to hold the service of the summons and complaint upon the president of the defendant corporation ineffective and compels the vacation of such service