## ARCHIBALD WEIR agt. JOHN F. SLOCUM.

A person who has not been admitted as an attorney, cannot be allowed to practice as such under the name of agent.  The law requires as an indispensable condition, of the right to practice, an order of the court founded on satisfactory evidence of a good moral character, and of sufficient learning and ability.

Where a summons and complaint was issued and signed A. W., (the name of the Plaintiff,) by J. G. C., agent, and the summons required the answer to be served " on me at Russia Corners, Herkimer County,"—the agent, residing at that place, but the Plaintiff residing at a different place.  *Held*, that there was no law to authorize such a service—the agent was not an attorney, and could not regularly act as such, and the direction to serve on the Plaintiff was false and inoperative.   '

Where, on motion, irregular proceedings are set aside, and the irregular party has leave to amend, the moving party may have costs (as a substitute for costs of the motion :) the irregular party will be regarded as moving to amend.

*At chambers.*—Motion to set aside the service of a summons and complaint, with the subsequent proceedings, under the following state of facts.   The summons and complaint were served on the Defendant on the 27th day of December, 1848.   These papers were signed " *Archibald Weir, by J. G. Cramer, Agent,*" and the summons required the an-

swer to be served in the following words, viz.: "On me at Russia Corners, Herkimer County." It appeared that the Plaintiff did not reside at Russia Corners, but that Cramer, the agent, did reside there, and it further appeared that he was not an attorney of the court.

J. BENEDICT, *for the motion.*

J. G. CRAMER, *opposed.*

GRIDLEY, Justice.—This is an attempt on the part of a person who has not been admitted as an attorney, to practice as such, under the name of agent. If this can be done, then the law which requires a regular admission to authorize a person to practice, becomes a dead letter. There is a large class of persons, who would hold themselves out as qualified to conduct the most important legal controversies, and who would mislead the weak and incredulous to their ruin, were it not for the protection of the law, which requires, as an indispensable condition of the right to practice, an order of the court founded on the satisfactory evidence of a good moral character, and of sufficient learning and ability. It is no answer to say that many incompetent and immoral persons are admitted, and, therefore, that a regular admission to practice is not a reliable test, either of character or capacity. It is true that the courts are liable to be imposed upon in relation to the character of the applicant, and it is quite probable that they have often been too indulgent, or too careless in admitting applicants destitute of the necessary qualifications, to conduct suits, with reasonable safety to the interests of their clients. This, however, only proves the necessity of a stricter administration of the rule, but furnishes no argument in favor of its repeal, nor any justification for its violation while it exists.

Again: the summons required the answer to be served on either the "agent" or the plaintiff at Russia Corners. If by this was meant the "agent," as is probable, from the fact that he resided there, it is apparent from what has been said, that there is no law to authorize such a service. An "agent," to conduct a suit in a court of record is "an attorney," but Mr. Cramer was not an attorney, and could not regularly act as such. But if the service was intended to be required to be made on the *Plaintiff*, as is now argued, then the direction was false and inoperative; for the reason that the Plaintiff did not reside at Russia Corners. (See the 107th section of the code.) The Defendant is, therefore, entitled to have the motion granted.

But it is suggested that the statute of limitations will have run against the demand before another suit can be commenced, and I am, for that

reason asked to allow the Plaintiff to amend; and I do so, upon the payment of $10 costs. It is true that no costs can legally be allowed to the moving party, *as costs of the motion*. But it has been held, that such costs may be awarded by the court as the *terms*, or as the *conditions* of the relief granted to a party who is adjudged to be in default. There is, however, another ground, on which the great injustice of denying costs to the moving party, however meritorious the motion, and whatever the fraud of the adverse party may have been which rendered it necessary, may be avoided—and that is, by regarding the party as moving, himself, to be relieved against the consequences of his own irregularity. For instance, when a Defendant moves to set aside a writ for some defect which is amendable, the mover is entitled to have the writ set aside. But inasmuch as the irregularity is amendable, and leave to amend would be granted on a direct motion for that object, on equitable terms, this court will regard the irregular party as moving to amend, (without a formal notice) and will allow the amendment on the terms of paying costs to the moving party. So here, thePlaintiff must pay costs as a condition of being allowed to amend, just as though he had made a formal motion upon notice for such relief.