## MABON v. ONGLEY ELECTRIC CO.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. FOREIGN CORPORATIONS—ACTION AGAINST.

Where the right of the receiver of a foreign corporation, who is himself a nonresident, to maintain an action against the corporation, and the necessity for bringing such an action, arise out of the fact that its books, papers, and property, to which he is entitled, are withheld from him in this state, his cause of action arises within the state, and the action is therefore maintainable under Code Civ. Proc. § 1780.

2. SAME—DEMURRER.

Even if this proposition were in doubt, the question cannot properly be raised on a motion to set aside the service of summons, where the only questions ordinarily to be considered are the legality or regularity of the service, but it should be raised by demurrer or answer.

Appeal from special term.

Action by John S. Mabon, receiver of the Ongley Electric Company, against the Ongley Electric Company. From an order vacating the service of summons, and setting aside an order appointing a temporary receiver, and denial of resettlement, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore L. Frothingham, for appellant.

Rufus Peckham, Jr., for respondent.

WILLIAMS, J. The grounds upon which this order was made setting aside the summons were apparently that the court had acquired no jurisdiction of the person of the defendant nor of the subject of the action. The defendant was personally served with a summons, and subsequently made a general appearance in the action. The court therefore acquired jurisdiction of the defendant, unless it may be said that this is one of the actions which could not be brought against a foreign corporation by a nonresident plaintiff, under section 1780 of the Code of Civil Procedure. We think, however, that the cause of action arose in this state, for the reasons stated in the opinion upon appeal from the judgment sustaining a demurrer. But, even if this were in doubt, the question does not properly arise on a motion to set aside service of a summons. It should be raised by demurrer or answer. The only questions to be considered on such a motion ordinarily are the legality or regularity of the service. Atlantic & P. Tel. Co. v. Baltimore & O. R. Co., 87 N. Y. 355.

The only ground, apparently, upon which this part of the order was made, was that the complaint was demurrable, and should be dismissed. This order appealed from should therefore be reversed, with costs of appeal to the appellant, and the motion denied, with costs.

The appeal from the order denying motion to resettle the former order should be dismissed, without costs. All concur.