PEOPLE ex rel. ROTA v. BAKER, Police Com'r.

(Supreme Court, Appellate Division, Second Department.  December 30, 1909.)

MANDAMUS (§ 87*)—SUBJECTS OF RELIEF—DISCRETIONARY POWER—INSURANCE OF LICENSE.

The power of the police commissioner of New York City to issue a concert hall license is discretionary, and not controllable by mandamus, unless his action is arbitrary, tyrannical, or unreasonable, or based on false information.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 87.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Alessandro Rota, against William Baker, as Police Commissioner of the City of New York. From an order denying the motion for a peremptory writ, relator appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and MILLER, JJ.

Max Winder, for appellant.

Thomas F. Noonan (Theodore Connoly, on the brief), for respondent.

RICH, J.  The relator made application to the respondent for a concert hall license, which was refused, and now he seeks to compel its issuance by this proceeding. The power to issue such licenses, now vested in the police commissioner, was formerly vested in and exercised by the mayor. Sections 1998–2000, c. 410, p. 1, Laws 1882. Such power is discretionary, and not controllable by mandamus. People ex rel. Worth v. Grant, 58 Hun, 455, 12 N. Y. Supp. 879; Matter of Armstrong v. Murphy (No. 1) 65 App. Div. 123, 72 N. Y. Supp. 473; People ex rel. Park Circle Amusement Co. v. Police Board, 36 Misc. Rep. 89, 72 N. Y. Supp. 583; People ex rel. Mayor v. McCarthy, 102 N. Y. 643, 8 N. E. 85; People ex rel. Schwab v. Grant, 126 N. Y. 473, 27 N. E. 964; People ex rel. Wm. Fox Amusement Co. v. McClellan (decided at Special Term, March, 1909) 114 N. Y. Supp. 594. This rule is varied only when the action of the board or person vested with the power of issuing a license is arbitrary, tyrannical, or unreasonable, or is based upon false information.

The record before us discloses a wise and commendable exercise of the discretion vested in the respondent, and the order must be affirmed, with $10 costs and disbursements.  All concur.

---

BADGER v. HELVETIA-SWISS FIRE INS. CO. OF ST. GALL, SWITZERLAND.

(Supreme Court, Appellate Division, Second Department.  December 30, 1909.)

INSURANCE (§ 627*)—FOREIGN CORPORATIONS—DESIGNATION OF AGENT FOR SERVICE OF PROCESS—REVOCATION.

Insurance Law (Laws 1892, p. 1944, c. 690) § 28, provides that no fire insurance company incorporated under the laws of a foreign country

shall transact business in the state, unless it has deposited with the Superintendent of Insurance, for the benefit of its policy holders in the United States, not less than $200,000. Section 30 provides that no such insurance corporation shall transact business in the state until it has filed in the office of the Superintendent of Insurance a written appointment of the Superintendent as its attorney to receive process. *Held*, that where a foreign fire insurance company, which had complied with such provisions, had for more than five years ceased to do business in the state, and its policies issued in the state had expired long before that time, a resolution of its board of direction and service of notice thereof on the Superintendent of Insurance was sufficient to revoke the power of attorney as to all persons not within the class intended to be benefited by the requirement that the power of attorney be filed, which revocation was not affected by the refusal of the Superintendent to recognize it, and a subsequent service of summons in an action against the company on the Superintendent would be a nullity, unless plaintiff should show that, as to him, the power of attorney was not revoked.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1573, 1574; Dec. Dig. § 627;* Corporations, Cent. Dig. § 2626.]

Appeal from Special Term, Kings County.

Action by William O. Badger against the Helvetia-Swiss Fire Insurance Company of St. Gall, Switzerland. From an order denying a motion to vacate service of summons, defendant appeals. Reversed, and motion granted.

Argued before BURR, THOMAS, RICH, and MILLER, JJ.

Frederick B. Campbell, for appellant.
Wendell P. Barker, for respondent.

MILLER, J. The defendant is a foreign insurance company, organized under the laws of the republic of Switzerland, having its office in the city of St. Gall, Switzerland. On the 19th day of February, 1896, in compliance with section 30 of the insurance law (Laws 1892, p. 1945, c. 690) it executed and filed in the office of the Superintendent of Insurance of this state a written appointment of said Superintendent to be its true and lawful attorney in and for this state, upon whom all legal process in any action or proceeding against it might be served. On the 31st of October, 1901, it ceased to transact business in this state. On the 23d of September, 1907, it executed a revocation of said power of attorney and filed it with the Superintendent of Insurance, who refused to recognize it and returned it to the defendant's attorneys. They in turn again delivered it to the Superintendent, and he again returned it to them. The summons in this action was served on the Superintendent of Insurance on the 1st day of October, 1909. The complaint was not served with the summons, and the plaintiff did not attempt on this motion to show the nature of his cause of action, or how it arose. The defendant still has on deposit with the State Superintendent of Insurance the sum of $200,000, which it deposited pursuant to section 28 of the insurance law.

For the sake of clearness, it may be well to quote the material parts of the two sections of the statute applicable to this case:

"Sec. 28. No insurance corporation, incorporated by or existing under the government or laws of other countries than the United States, except co-

operative life and fraternal beneficiary insurance corporations, shall transact any business of insurance in this state, unless if it transact fire or marine insurance business in this state, it has deposited with the Superintendent of Insurance, for the benefit and security of its policyholders in the United States, a sum not less than two hundred thousand dollars invested as in this chapter required, or if it transact in this state one or more of the kinds of insurance business specified in section seventy of this chapter, it has deposited with the Superintendent of Insurance, for like purposes, such amount as may be required of domestic insurance corporations doing the same kinds of business."

"Sec. 30. Appointment of attorney; removal of cause to federal courts.— No foreign insurance corporation shall transact any business of insurance in this state until it has executed and filed in the office of the Superintendent of Insurance a written appointment of the Superintendent to be the true and lawful attorney of such corporation in and for this state, upon whom all lawful process in any action or proceeding against the corporation may be served with the same effect as if it was a domestic corporation. Service upon such attorney shall thereafter be deemed service upon the corporation."

As the filing of the written appointment was a condition precedent to the right to transact business in this state, the attempted revocation was doubtless ineffectual as to all persons for whose benefit it was required to be filed. But the defendant had for more than five years before revoking the power of attorney ceased to do business in this state. Its business was that of fire insurance, and its policies, issued in this state, had expired long before that time. The resolution of its board of directors and the service of notice thereof on the Superintendent of Insurance were effectual to revoke the power of attorney as to all persons, not within the class intended to be benefited by the requirement that said power of attorney be filed. Hunter v. Mut. Reserve L. Ins. Co., 184 N. Y. 136, 76 N. E. 1072. The revocation was not affected by the refusal of the Superintendent of Insurance to recognize it. As the defendant showed that it had ceased to do business in this state long before the attempted revocation, the service of the summons was a nullity, unless, as to the plaintiff, the power of attorney was irrevocable, and it was for the plaintiff to show that.

The order should be reversed, and the motion granted, with costs. All concur.

JENKS, J., taking no part.