(66 Misc. Rep. 538.)

KLEIN BROS. & CO. v. GERMAN UNION FIRE INS. CO. OF BALTIMORE.

(Supreme Court, Special Term, New York County.   March, 1910.)

INSURANCE (§ 22*)—FOREIGN COMPANIES—AGENT FOR SERVICE OF PROCESS—REVOCATION OF LICENSE TO DO BUSINESS IN STATE.

Where the State Superintendent of Insurance had, under Insurance Law (Consol. Laws, c. 28) § 30, been designated to receive service of summons in an action against an insurance company, such designation was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not terminated by the revocation by the State Superintendent of the license of the company to do business in the state.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 26; Dec. Dig. § 22.*]

Action by Klein Bros. & Co. against the German Union Fire Insurance Company of Baltimore. Motion to set aside service of summons. Denied.

Fried & Czaki, for plaintiff.
Ellison, MacIntyre & Davis, for defendant.

GERARD, J. Motion by defendant, appearing specially, to set aside the service of the summons. The summons was served on the State Superintendent of Insurance, who, pursuant to section 30 of the insurance law (Consol. Laws, c. 28), had been designated by defendant to receive the service of process. The State Superintendent of Insurance revoked the license of defendant to do business in the state, and the summons was served on him after such revocation. The cause of action arose before defendant's right to do business in this state was revoked. No notice of revocation of the designation to receive process was ever served on the State Superintendent of Insurance.

It is contended by defendant that, when the State Superintendent of Insurance revoked the license of defendant to do business in the state, then and by that act the designation of the State Superintendent to receive process on behalf of defendant was ended. I cannot agree with this contention. The designation of the State Superintendent of Insurance to receive process made him the agent of the defendant for that purpose. He received the process as agent of the corporation, and not as a state officer. Flynn v. Union Surety & Guaranty Co., 170 N. Y. 145, 63 N. E. 61. If the corporation desired to revoke his authority as agent, it should have done so formally, and no act of the State Superintendent, acting as a state officer, could operate to revoke the personal designation which made him the agent of the corporation for the purpose of accepting service of process.

Defendant relies upon the recent case of Badger v. Helvetia Fire Ins. Co., 136 App. Div. 31, 120 N. Y. Supp. 161. But in that case, after the company had ceased to do business in this state, it executed a formal revocation of its designation of the State Superintendent to receive process. This revocation the Superintendent refused to receive, and the court held that the revocation was not affected by the refusal of the Superintendent to receive it.

Motion denied, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes