## TIERNEY v. HELVETIA SWISS FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. INSURANCE (§ 26*)—FOREIGN CORPORATIONS—SERVICE OF PROCESS—REVOCATION OF POWER OF ATTORNEY.

The revocation of a power of attorney appointing the State Superintendent of Insurance attorney to receive process of a foreign insurance company, which had for more than five years ceased to do business in the state, was effective, so that service of the summons upon the Superintendent thereafter was a nullity.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 26.*]

2. COURTS (§ 21*)—JURISDICTION—PERSONAL JURISDICTION—NECESSITY.

A court cannot acquire jurisdiction over one not having a residence within its territorial jurisdiction, except by actual service of notice upon him within the jurisdiction, or upon some one authorized to accept service for him, or by his waiver of jurisdiction.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 21.*]

3. COURTS (§ 25*)—JURISDICTION—CONSENT.

A defect in obtaining jurisdiction of defendant's person may be waived, and jurisdiction conferred by consent.   .

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 79; Dec. Dig. § 25.*]

4. APPEARANCE (§ 19*)—JURISDICTION—PROCESS—WAIVER.

After service of the summons upon defendant foreign corporation, it appeared specially and filed a petition to remove the action to the federal court, alleging therein the pendency of the action against it, and afterwards moved to vacate a. default judgment entered against it pending the removal proceedings, on the ground that it was irregular, and also as a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

matter of privilege, if it was adjudged that the default was properly entered, and the default was opened as a matter of favor, and defendant permitted to answer. *Held*, that defendant waived any defect in securing jurisdiction over its person, and consented to the jurisdiction of the court.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–90; Dec. Dig. § 19.*]

5. PLEADING (§ 258*)—AMENDMENT—ANSWER—TIME.

Where defendant, by appearing and petitioning to remove a case to the federal court on October 9, 1907, and moving to set aside a default judgment on November 18, 1907, waived the defects in personal service and consented to the jurisdiction of the court, an amendment to the answer, permitted by an order entered March 7, 1910, setting up facts tending to oust the court of jurisdiction for want of personal service, was prejudicial to plaintiff, in view of the long delay, and was improperly allowed; Code Civ. Proc. § 723, permitting the allowance of amendments in furtherance of justice, not authorizing such amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 766; Dec. Dig. § 258.*]

Appeal from Special Term, Kings County.

Action by John J. Tierney against the Helvetia Swiss Fire Insurance Company. From an order allowing an amendment to the answer, entered March 7, 1910, plaintiff appeals. Reversed, and motion for leave to amend denied.

See, also, 129 App. Div. 694, 114 N. Y. Supp. 139; 127 App. Div. 914, 111 N. Y. Supp. 1147; 126 App. Div. 446, 110 N. Y. Supp. 613.

Argued before BURR, THOMAS, RICH, and CARR, JJ.

Royall Victor (J. Hampden Dougherty, Jr., on the brief), for appellant.

Frederick B. Campbell (Charles M. Turell, on the brief), for respondent.

BURR, J. Defendant is a foreign corporation created and existing under and by virtue of the laws of the Republic of Switzerland. Plaintiff brings this action as the assignee of 14 separate judgments recovered by various plaintiffs against said defendant in the Circuit Court of the United States for the Northern District of California. The summons in this action was served on the Superintendent of Insurance of the state of New York on the 25th day of September, 1907. Defendant asks leave to serve an amended answer, setting up as an affirmative defense that on the 22d day of June, 1896, for the purpose of complying with the law of the state of New York as a condition precedent to transacting the business of fire insurance within that state, it duly filed in the office of the Superintendent of Insurance a written appointment of said Superintendent as its true and lawful attorney upon whom process of law in any action or proceeding against it might be served; that on the 31st of October, 1901, the defendant ceased to transact within the state of New York any business of fire insurance, and since that time it has not transacted within this state any such business; and that on the 10th day of September, 1907, an instrument in writing was duly executed revoking the authority of said Superintendent as the person upon whom legal process against it might be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r indexes

served within the state of New York, which written revocation was duly filed in the office of the Superintendent of Insurance on the 24th day of September, 1907.

If plaintiff was not within the class intended to be benefited by the requirement that said power of attorney be filed, such revocation was effective, and the service of the summons in this action upon the Superintendent of Insurance was a nullity. Hunter v. Mutual Reserve Life Insurance Co., 184 N. Y. 136, 76 N. E. 1072; Badger v. Helvetia Swiss Fire Ins. Co., 136 App. Div. 31, 120 N. Y. Supp 161. "It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him, or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service." Grant v. Cananea Consolidated Copper Co., 117 App. Div. 576, 102 N. Y. Supp. 642. But defect in obtaining jurisdiction of the person may be waived, and jurisdiction conferred by consent. Farmer v. National Life Insurance Ass'n, 138 N. Y. 265, 33 N. E. 1075; Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884; Lynde v. Lynde, 41 App. Div. 280, 58 N. Y. Supp. 567.

The first question for consideration, therefore, is, conceding that the service of the summons in this action was ineffective, has defendant waived the defect in service and consented to submit itself to the jurisdiction of this court? After the service of the summons, and on the 9th of October, 1907, the defendant appeared specially and filed a petition and bond to remove the action into the United States court. This was the first act of waiver, since not only was it obliged to, but it did, allege that this action was pending against it, and if the service was a nullity it was under no obligation to pay any attention to it. But it did more. The proceedings to remove were fatally defective, and subsequently the case was remanded to the state court. On October 31, 1907, while the question of the sufficiency of the proceedings to remove was pending and undetermined, plaintiff entered judgment by default in this action in the state court. On the 18th of November defendant moved to open the default and to vacate the judgment upon two grounds: First, that it was irregular, since the proceedings had been removed to the United States court; and, second, as matter of favor, if the court should hold that the judgment was properly entered.

In the first instance an order was entered vacating the judgment as irregular on the ground that the action was no longer pending in the state court. On appeal the order was modified, so that the default was opened, not as a matter of right, but as matter of favor, and defendant was given permission to answer upon condition that the judgment theretofore entered should stand as security. Tierney v. Helvetia Swiss Fire Ins. Co., 126 App. Div. 446, 110 N. Y. Supp. 613. Defendant accepted this favor with the attendant condition, interposed an answer, the case was thereupon placed on the calendar, and it is now awaiting trial. There can be no question that the conduct of the defendant in this case amounted to a waiver of any defect of obtaining jurisdiction of its person, and that it consented to submit to the de-

termination of this court the questions in controversy between it and the plaintiff. Tierney v. Helvetia Swiss Fire Ins. Co., supra; Farmer v. National Life Ins. Co., 138 N. Y. 265, 33 N. E. 1075. An attempt to withdraw its consent that the court should have jurisdiction of its person, and set up as a defense facts tending to oust the court of jurisdiction, would, after this long delay, prejudice the plaintiff, and for that reason the favor which defendant seeks, of being permitted to serve an amended answer, should not have been granted. Code Civ. Proc. § 723; Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37; Johnson v. Phœnix Bridge Co., 133 App. Div. 807, 118 N. Y. Supp. 88.

There is some conflict of authority as to whether, if jurisdiction of the person was not obtained in the first instance, this defect can be set up by answer, or whether it must be raised by special appearance upon a motion for that purpose. There is a distinction between raising the question of jurisdiction of the subject-matter (Manning, Maxwell & Moore, Inc., v. Canadian Locomotive Co., Limited, 120 App. Div. 735, 105 N. Y. Supp. 662), and raising the question of jurisdiction of the person. Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884. In the latter case the court, referring to the objection that jurisdiction of the person has not been obtained, say:

"When a party does not intend to subject himself to the jurisdiction of the court, he must appear specially for the purpose of raising the question of jurisdiction by motion, or he may allow the plaintiff to go on and take judgment by default without affecting his rights, since no judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act. But if the defendant elects to come before the court and there try the questions, he cannot afterwards deny the jurisdiction, or be heard to claim that it was not a voluntary appearance. The court had jurisdiction of the subject of the action."

It is not necessary for us to determine in this case whether the question of jurisdiction of the person could be raised by answer, since, in our opinion, if it could, defendant should not now be permitted to raise it.

We think, therefore, that the order of the Special Term was improperly made, and that it should be reversed, with $10 costs and disbursements, and the motion for leave to serve an amended answer denied, with $10 costs. All concur.