ALFRED B. JAWOROWER, Plaintiff, *v.* LEO ROVERE, RAY B. ROVERE et al., Defendants. ·

(Supreme Court, Kings Special Term for Motions, January, 1917.)

Summons — in Supreme Court action — how subscribed — pleading — waiver — default — when motion to set aside service granted.

The summons in a Supreme Court action must be subscribed by the plaintiff's attorney.

Where the summons in such an action was subscribed only by the plaintiff, who was not an attorney at law, in his own name, the service of an answer by one of the defendants waives the defect as to him.

The other defendant, who served no notice of appearance, having defaulted in pleading obtained an order extending her time to answer, and the papers were indorsed with the name and address of her attorney, and her answer subscribed by him was returned because not served in time, and a stipulation that the order extending her time to answer be vacated was signed by her attorney. *Held,* that said defendant had not waived the defect in the summons and that her motion to set aside the service thereof must be granted.

MOTIONS to set aside the service of summonses.

Herman Gottlieb, for motion on behalf of Leo Rovere.

Reinhardt & Null, for motion on behalf of Ray B. Rovere.

Wahle & Kringel, opposed.

CROPSEY, J.   Separate motions have been made by two defendants to set aside the service of the summonses.   The motions are based upon the fact that the summonses were subscribed by the plaintiff in his own name and it is admitted that he is not an attorney at

law. The defendants' claim is that a plaintiff cannot issue or subscribe a summons and that it must be subscribed by an attorney. Section 417 of the Code of Civil Procedure, which states the requisites of a summons, says: " it must be subscribed by the plaintiff's attorney." The plaintiff answers that section 55 of the Code of Civil Procedure provides that "A party to a civil action, who is of full age, may prosecute or defend the same in person or by attorney, at his election," and claims that under this provision a plaintiff may subscribe the summons. The provisions of section 55 were originally contained in 2 Revised Statutes, 276, section 11. The forerunner of section 417 was in the old Code of Procedure, and that prior to 1870 provided that a summons must be subscribed " by the plaintiff or his attorney." At that time the provisions of the Revised Statutes from which section 55 came had been carried into the old Code of Procedure. In 1870, while both of these provisions were effective, the forerunner of section 417 was amended by eliminating the provision that the plaintiff might subscribe a summons and by making it read as it now does, that the subscription must be by the plaintiff's attorney. This amendment plainly limited the effect of the forerunner of the present section 55. While that forerunner remained in form, as it had been, the effect of the amendment was to require every plaintiff to have his summons subscribed by an attorney before it could be issued. And the reason for imposing this restriction evidently was to prevent the beginning of actions without merit, by requiring the cause of action to be first passed upon by an attorney. If plaintiffs were permitted to issue summonses at their pleasure, they could readily abuse the privilege and bring many unnecessary and vexatious actions.

The summons is a mandate of the court (Code Civ.

Pro. § 418) and the legislature very properly provided that this process of the court should be issued only by one of its officers. In many of the inferior courts a summons can be issued only by the court. This was true in the Municipal Court of the city of New York (Laws of 1902, chap 580, § 27) until the enactment of the present Municipal Court Code (Laws of 1915, chap. 279), when a provision was inserted giving attorneys power to issue summons as well as the court (§ 19).

Although the provisions of the Code of Civil Procedure referred to have existed for nearly half a century, they seem not to have been passed upon by the courts except in one case, at least that is the only instance to which the court's attention has been called or which it has been able to find. And in that case a similar application was granted. *Johnston* v. *Winter,* 7 Alb. L. J. 135. Prior to the amendment which required the summons to be subscribed by the plaintiff's attorney and at a time when it could properly be subscribed by the plaintiff himself, it was held that a subscription in the name of the plaintiff by some one as his *agent* was not justified and was improper. *Weare* v. *Slocum,* 3 How. Pr. 397.

Plaintiff further claims that even if the defendants' contention is sound it will not avail them for the reason that they have waived the right to make the objection. The defendant Leo Rovere answered the complaint through an attorney and later served an amended answer setting up a counterclaim, and as to him the case is now at issue, awaiting trial. There is no doubt that the court has jurisdiction of the subject matter of the action, and failure to acquire jurisdiction of the person of the defendant may be waived by appearing voluntarily or by pleading which is the equivalent of an appearance. Code Civ. Pro. § 421; *Reed* v. *Chilson,* 142 N. Y. 152; *Farmer* v. *National Life Assn.,* 138

Supreme Court, January, 1917.　　　[Vol. 98.

id. 265; *Tierney* v. *Helvetia Swiss F. Ins. Co.*, 138 App. Div. 469. This defendant is now too late to be heard to object to the irregularity in the summons.

The situation as to Ray B. Rovere, the other moving defendant, is different. After she was in default for failing to plead, but under the assumption that her time had not expired, she obtained an order extending her time. These papers were indorsed with the name and address of an attorney who represented her; within the time provided in the order she served an answer subscribed by her attorney, but this was returned on the ground that it was not served in time and that the order extending the time was a nullity because it was not made until after the time had expired; thereafter through her attorney she made a motion to compel the plaintiff to accept her answer, and before that motion was heard her attorney signed a stipulation withdrawing that motion and consenting that the order extending the time to answer be vacated; these papers were all signed or indorsed in the name of this defendant's attorney, as attorney for her. No notice of appearance was ever served by this defendant and her situation now is that she is in default. The fact that she served an answer which was returned because not served in time leaves the situation the same as though the answer had never been served. If the making of the various motions and the signing of the stipulations constituted an appearance in the action, then this defendant has waived the right to object to the irregularity in the subscription to the summons. If they do not amount to an appearance, then she has not waived that right.

The Code prescribes that a defendant's appearance " must be made " by serving either a notice of appearance or a copy of a pleading (§ 421). Before the adoption of this section it was held that the signing

of a notice of motion constituted a general appearance in the action. *Ayres* v. *Western R. R. Corp.,* 48 Barb. 132; *M'Kenster* v. *Van Zandt,* 1 Wend. 13. But since the adoption of this Code provision the rule is that a defendant does not generally appear in the action unless he serves a notice of appearance or a pleading as required by section 421. So it has been held that a motion to open a default is not an appearance (*Couch* v. *Mulhane,* 63 How. Pr. 79); nor is a motion to make the complaint more definite and certain (*Valentine* v. *Myers' Sanitary Depot,* 36 Hun, 201); nor a motion to vacate a judgment (*Noble* v. *Crandall,* 49 Hun, 474); nor a motion to vacate a judgment attachment (*Wood* v. *Furtick,* 17 Misc. Rep. 561); nor is the obtaining of an order to show cause to vacate an injunction (*Regelmann* v. *South Shore Tr. Co.,* 67 id. 590); nor is the signing of a stipulation accepting an extension of time to answer (*Paine Lumber Co.* v. *Galbraith,* 38 App. Div. 68; *Couch* v. *Mulhane,* 63 How. Pr. 79); nor is the indorsement by an attorney of a bond vacating an attachment (*Engels Ex. Co.* v. *Ferguson,* 79 Misc. Rep. 40).

This defendant has not waived her right to raise the question of the form of the summons, and so her motion must be granted. The motion of defendant Leo Rovere is denied. If there is any question of amendment or the terms thereof as to defendant Ray B. Rovere (*Weare* v. *Slocum,* 3 How. Pr 397) that can be considered on the settlement of the orders to be entered, notice of which should be given.

Ordered accordingly.