A. B. C. Steel Equipment Co., Inc., Appellant, v. A. H. Schreiber Co., Inc., and Another, Respondents.

Supreme Court, Appellate Term, First Department, January 12, 1934.

*Hiram S. Gans,* for the appellant.

*London, Guzik & London* [*Leo Guzik* and *Philip Kranzbaum* of counsel], for the respondents.

Frankenthaler, J. In this action to recover balance alleged to be due for work, labor and services plaintiff appeared in person, and the summons was signed, not by the clerk of the court as required by section 19 of the Municipal Court Code in the absence of signature by plaintiff's attorney, but by the plaintiff in its own name.

Notwithstanding the apparent defect in the process, the defendants appeared generally and answered and subsequently demanded a bill of particulars.

After plaintiff noticed the cause for trial defendants' attorneys moved to dismiss on the ground that " the plaintiff, a corporation, had not properly appeared in this action, that there is no proper appearance on behalf of the plaintiff herein." The motion was granted and the judgment entered in favor of defendants for fifty-one dollars costs. Plaintiff's motion for reargument and to vacate

the judgment was denied, and the appeal is from the judgment and orders.

Section 236 of the Civil Practice Act provides that a party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs; that whenever in a statute or rule relating to the conduct of an action a reference is made to an attorney for a party it shall be deemed to include a party prosecuting or defending in person unless otherwise specially prescribed therein or unless that construction is manifestly repugnant to the context; and that if a party has an attorney in the action he cannot appear to act in person except with the consent of the court.

Rule 45 of the Rules of Civil Practice would seem to conflict with the foregoing section; but it was held in *O'Brien* v. *Lasher* (206 App. Div. 623) that the Rules of Civil Practice must conform to the Civil Practice Act; and the court having certified to the Court of Appeals the question whether the summons subscribed by the plaintiff in person, he not being an attorney at law, was a valid summons, the Court of Appeals answered in the affirmative (236 N. Y. 602).

If it be assumed, however, that the specific provisions of the Municipal Court Code control in this instance, while the defendants would have been justified in ignoring the summons, the court had jurisdiction of the subject-matter of the action, and the general appearance and answer must be deemed a waiver of the alleged failure to acquire jurisdiction of the persons of the defendants. (*Jaworower* v. *Rovero*, 98 Misc. 377.)

Judgment and order granting defendants' motion reversed, with ten dollars costs, and motion denied.

Appeal from order of November 1, 1933, dismissed. All concur; present, LYDON, FRANKENTHALER and HAMMER, JJ.