EUGENIA SILBERFELD, as Administratrix of the Estate of SAMUEL SILBERFELD, Deceased, Plaintiff, *v.* GENERAL INSURANCE COMPANY, LTD., OF TRIESTE AND VENICE, Defendant.

Supreme Court, Special Term, New York County, January 12, 1945.

*James B. M. McNally*, United States Attorney (*William M. Lynch* of counsel), for United States of America.

*Borris M. Komar* for plaintiff.

DINEEN, J. The action is brought by the beneficiary of a policy of insurance upon the life of one Samuel Silberfeld, since deceased. By its terms the policy was payable in the city of New York.

Defendant is a corporation organized and existing under and by virtue of the laws of the Kingdom of Italy. It was duly authorized to carry on the business of insurance in this State and maintained a branch in the city of New York until July, 1941, when by order of this court that branch was placed in liquidation under the supervision of the State Superintendent of Insurance and is still in course of liquidation.

In July, 1935, defendant duly appointed the Superintendent of Insurance as its attorney upon whom process might be served pursuant to section 59 of the Insurance Law. At the same time defendant designated a person to whom such process should be forwarded by the Superintendent. The latter designation was revoked by defendant in 1941 and no substituted designation has since been made; but no attempt has been made to terminate the appointment of the Superintendent as attorney to receive service of process.

In 1942 the property of the defendant, situated in the United States, was duly vested in the Alien Property Custodian of the United States and is now in his possession (with the exception of a certain reserve fund held by the Superintendent of Insurance in connection with his liquidation of the New York branch of the company).

The service of process, against which the present motion is directed, was made on August 4, 1944, by delivering copies of the summons and complaint to a deputy of the Superintendent of Insurance who refused to accept service and returned the papers to plaintiff's attorney.

This motion is made by the United States Attorney for this district upon a Suggestion of Interest filed on behalf of the United States. The Suggestion of Interest rests upon the theory that if the present service of process is sustained and plaintiff allowed to take judgment by default she may have a stronger claim to share in the fund in the hands of the Custodian than she could establish without the aid of such a judgment. This seems a sufficient interest to support the present motion. He contends that the method of service prescribed by section 59 of the Insurance Law was not sufficient to confer jurisdiction in personam over the defendant in the particular circumstances of the present case, because, in view of the statutes and regulations forbidding communication with persons in an enemy country prior to the conclusion of a treaty of peace, it was not

calculated to give the defendant notice of the action. In any consideration of this point the defendant, of course, could gain nothing, if it were itself making the motion, by its voluntary revocation of its designation of a person to whom process should be forwarded by the Superintendent without substituting another designee. The fact that the motion is made by the United States Attorney on behalf of the United States cannot place the movant in any better position than if the motion had been made by special appearance on behalf of the defendant.

As a necessary condition precedent to an authorization to do business in this State, the defendant was required by section 59 of the Insurance Law to appoint the Superintendent to receive service of process in any action upon a cause of action arising in this State, and such appointment was required to be of indefinite duration (§ 59, subds. 1, 4). The present cause of action arose within the State because the policy was payable in the city of New York and the default occurred there.

The statutory provisions imposed a perfectly reasonable condition upon the granting of permission to the foreign corporation to do business in New York, for some such provisions were necessary to give reasonable protection to the citizens of the State upon contracts made or causes of action arising within the State. The case, therefore, appears to me to be within the principle of the decision in *Washington* v. *Superior Court* (289 U. S. 361). If the defendant here had not voluntarily revoked its designation of a person to whom process was to be forwarded, or if, upon such revocation it had appointed another agent in his place, the latter, although he might have been unable to communicate with the corporation in Italy, would doubtless have been able to arrange for an appearance on its behalf and an application for a stay, if communication with the company abroad had been found necessary to a proper defense. I do not think, therefore, that it can be properly held that the existence of a state of war and the resulting suspension of communication between the two countries necessarily suspended the statutory provisions for service of process embodied in section 59 of the Insurance Law.

It is further contended that the order which placed the United States branch of the defendant in liquidation terminated the appointment of the Superintendent of Insurance as attorney to receive service. But the contrary has been held and I think properly. (*Klein Bros. & Co.* v. *German Union F. Ins. Co.,* 66 Misc. 538.)

The motion will be denied, with leave to apply for a stay of proceedings. Settle order.