Harry Lenetska et al., Individually and as Copartners Trading under the Name of Universal Attractions, Plaintiffs, *v.* Ed Goldstein, Defendant.

Supreme Court, Special Term, New York County, January 12, 1948.

*Jack C. Brill* for defendant appearing specially.

*Jack Pearl* for plaintiffs.

Botein, J. This is a motion to dismiss the complaint for lack of jurisdiction pursuant to rule 107 of the Rules of Civil Practice. The motion is opposed on the ground that the defendant has waived any right to question the service of the summons by virtue of the fact that he previously moved for an order for the bringing in of additional defendants. That motion was denied without prejudice. Examination of the filed papers reveals that the motion was one to compel plaintiffs to bring in other defendants.

In *Farmer* v. *National Life Association,* (138 N. Y. 265) it was held that a defendant, by initiating a proceeding for the removal of the action to the Federal court necessarily acknowledged that an action was pending against it in the State court and thereby waived its right to question the jurisdiction of the State court. That case has been cited with approval both in a subsequent opinion of the Court of Appeals (*Henderson* v. *Henderson,* 247 N. Y. 428, 432) and in an opinion by Mr. Justice Holmes, writing for the United States Supreme Court (*Merchants H. & L. Co. v. Clow & Sons,* 204 U. S. 286, 290). In *Henderson* v. *Henderson* (*supra,* p. 432) the court said: " The general rule in this State is that when a defendant becomes an actor in a suit to the extent of participating in the merits he submits to the jurisdiction of the court (*Farmer* v. *N. L. Association,* 138 N. Y. 265, 270) ". If, as the above quotation indicates, the making of an application to remove an action to another court constitutes a participation in the merits, it

would seem to follow that an application by a defendant to compel plaintiff to bring in additional defendants is also a substantial participation in the merits and a submission to the jurisdiction of the court (see, also, *Brainard* v. *Brainard,* 272 App. Div. 575.)

Insofar as the case of *Jaworower* v. *Rovere* (98 Misc. 377, affd. 177 App. Div. 740 [2d Dept.]), may be regarded as an authority for a contrary conclusion, its influence would appear to be diminished by the holding of the Court of Appeals in *Farmer* v. *National Life Association* (*supra*).

The motion to dismiss the complaint for lack of jurisdiction is accordingly denied, with leave to answer within ten days from the service of a copy of this order, with notice of entry.