Hillsborough, }
Jan. 2, 1912. }

## HOCHSTEIN *v.* JAMES W. HILL CO.

A personal judgment rendered in another state is not enforceable in an action of debt brought in this state unless the foreign court acquired jurisdiction of the defendant in the original proceeding.

A court of a state cannot acquire jurisdiction of a non-resident corporation which neither does business nor owns property therein, by service of process upon a director or agent who is casually within such state upon his individual affairs.

The federal constitution does not require that full faith and credit should be given to a personal judgment rendered in another state against a party over whom the court had no jurisdiction.

DEBT, upon a judgment rendered by the city court of the city of New York. The defendant is a corporation organized under the laws of New Hampshire and does business in Manchester. At the time of the commencement of the action in New York it had no place of business in that state and no property there. None of its officers, agents, or directors resided there, and it had not designated any one in that state upon whom service of process could be made.

The plaintiff is a resident of New York. Having a claim against the defendant on account of goods sold, he instituted a suit against it in New York for the collection of the amount alleged to be due him, and on March 2, 1908, caused a summons to be served on one Flack, a director and the managing agent of the defendant, who was passing through New York on a pleasure trip. The service was made in accordance with the statute of that state.

Judgment by default was entered in the New York action; and the question whether this action of debt can be maintained upon that judgment was transferred without a ruling from the May term, 1911, of the superior court by *Plummer*, J.

*Ernest L. Guptill* (*Abraham A. Silberberg*, of New York, of counsel), for the plaintiff.

*Branch & Branch,* for the defendant.

WALKER, J. Whether a personal judgment rendered in another state is conclusive upon the defendant when it is sought to be enforced against him in this state, depends upon the question whether

the foreign court acquired jurisdiction of him in that proceeding. If it did not, and still rendered judgment against him without legal service of notice upon him in that state, the judgment is a nullity. *Thurber* v. *Blackbourne,* 1 N. H. 242; *Downer* v. *Shaw,* 22 N. H. 277; *Wright* v. *Boynton,* 37 N. H. 9; *Wilbur* v. *Abbot,* 60 N. H. 40, 51; *Eastman* v. *Dearborn,* 63 N. H. 364.

It is conceded that the defendant is a New Hampshire corporation doing business in Manchester, that at the time of the service of process in New York upon Flack it was engaged in no business in that state, that it had no property there, that Flack was not there upon any business of the defendant, but was casually there on a pleasure trip. He had no duty or work to perform for the defendant in that state. Upon this state of facts the contention of the plaintiff is, that, assuming the cause of action arose in New York, the service of process upon Flack as the managing agent and a director of the defendant gave the court jurisdiction of the defendant, since it was authorized by and was in accordance with the statute of the state of New York. Code Civil Proc., s. 432. But if the service was thus authorized, and if such practice has been sanctioned by the courts of that state (*Pope* v. *Company,* 87 N. Y. 137), it does not follow that the judgment obtained by default upon such service is valid and binding in another state, and enforceable there against the defendant in an action of debt.

In *Goldey* v. *Morning News,* 156 U. S. 518, the defendant was a corporation organized under the laws of the state of Connecticut and having no place of business, officer, agent, or property in the state of New York, where the action was begun by the service of a summons upon the president of the corporation, who was temporarily there, but who was a resident of Connecticut. The defendant appeared specially for the single purpose of presenting a petition for the removal of the action to the circuit court of the United States, and upon its removal entered a motion to set aside the summons and the service thereof. The court granted the motion, and the supreme court in sustaining this action, after a review of the authorities, reach the conclusion (*pp.* 521, 522) that "a judgment rendered in a court of one state, against a corporation neither incorporated nor doing business within the state, must be regarded as of no validity in the courts of another state, or of the United States, unless service of process was made in the first state upon an agent appointed to act there for the corporation, and not merely upon an officer or agent residing in another state, and only casually

within the state and not charged with any business of the corporation there." This doctrine has been recognized and applied in subsequent cases in that court and seems to be fully established. "The residence of an officer of a corporation does not necessarily give the corporation a domicile in the state. He must be there officially—there representing the corporation in its business. . . . In other words, a corporation must be doing business there." *Conley* v. *Alkali Works*, 190 U. S. 406, 411. In *Remington* v. *Railroad*, 198 U. S. 95, it was distinctly held that service on a director of a corporation, which is doing no business and has no property in the state, when he is casually in the state for a few days, is bad. See, also, *Connecticut etc. Co.* v. *Spratley*, 172 U. S. 602; *Pennsylvania etc. Co.* v. *Meyer*, 197 U. S. 407; *Grant* v. *Copper Co.*, 117 N. Y. App. Div. 576; *S. C.*, 189 N. Y. 241, 249. It seems to be essential to the validity of the service in such cases that the corporation should be engaged in business in the state at the time of the service upon an agent who is not appointed for that purpose; for in such a case it might be inferred or held that the corporation by doing business there assented to the terms of the local statute as to service upon a foreign corporation (*St. Clair* v. *Cox*, 106 U. S. 350, 356; *Pennoyer* v. *Neff*, 95 U. S. 714), but when it is not doing business there the basis for such a holding would be wanting.

Nor is it material where the cause of action arose, if when the attempted service is made the corporation has no business interests in the jurisdiction and is in effect as much non-existent there as a non-resident individual who has never been in the state. If the corporation is not there through an agent authorized to act for it there, and if it has not submitted to the local statutes prescribing the method of service of process, it is difficult to devise a theory by which it could be bound by service upon one of its officers or agents who happens to be within the jurisdiction, not on any business of the corporation, but on his own individual affairs. That a corporation does not follow the person of each of its officers, or of its principal officer or its managing agent, when attending to his private business in a foreign state, was formerly the law (*St. Clair* v. *Cox, supra*) and it is believed it is still a sound doctrine.

As the constitution of the United States does not require that "full faith and credit" should be given to the void judgment the plaintiff recovered in New York against the defendant, as though it were a valid judgment, the present action for its enforcement in this state cannot be maintained. "Since the adoption of the four-

teenth amendment to the federal constitution, the validity of such judgments may be directly questioned and their enforcement in the state resisted on the ground that proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law." *Pennoyer* v. *Neff, supra,* 733.

*Case discharged.*

All concurred.